1  GARY ERVIN
2  4977 Hillhurst Drive
   Fair Oaks. CA 95628
3  Tel: (916) 962-2837
4
   Plaintiff
5  Pro Personam
6
7                          UNITED STATES DISTRICT COURT
8                          NORTHERN DISTRICT OF CALIFORNIA
9                              SAN FRANCISCO DIVISION
10
11
12 GARY ERVIN,                    CASE NUMBER: CV 08 0299 PJH
13              Plaintiff,        COMPLAINT FOR EQUITABLE RELIEF FROM DEFENDANT
                                  JUDICIAL BRANCH PUBLIC ENTITY'S INTERPOSITIONING
14    -VS-                        OF STATE'S PREFILING ORDER LAW TO EFFECT NULLIFI-
                                  CATION OF FEDERAL PREEMPTION DOCTRINE ENSURING
15 JUDICIAL COUNCIL OF CA,        PLAINTIFF'S RIGHTS TO FREEDOM FROM DISCRIMINATION
16 CHMN. RONALD GEORGE,           RETALIATION UNDER AMERICANS WITH DISABILITIES
                                  ACT TITLE II & SECTION 1983
17             Defendants.
18 _____/
19
20 Plaintiff GARY ERVIN alleges:
21
       (1)   JURISDICTION.   This Court has 28 USC 1331 jurisdiction over this complaint because it
22
23 arises under the laws of the United States.
24     (2)   VENUE.   Venue is appropriate in this Court because defendants are resident to the City And
25 County of San Francisco [28 USC 1391.(b)].
26
27
                                                                                         Page ONE

(3) INTRADISTRICT ASSIGNMENT. This lawsuit may be assigned to the San Francisco Division of this Court for the reason set forth in paragraph #2 above, and, may be assigned to the Honorable William W. Schwarzer for the reason that this action emanates from Hon. Schwarzer's opinion (sitting by designation) in HEAD -VS- GLACIER 413 F.3d 1053 (9th Cir. 2005).

(4) COURT TRIAL. A court trial by judge is appropriate.

(5) PLAINTIFF. A resident of Sacramento County, CA educated in San Francisco, CA.

(6) DEFENDANTS. Judicial Council of CA is a public entity located and resident in the City And County of San Francisco. Hon. Ronald George is Chairman of the Judicial Council of CA in his administrative capacity.

(7) DISABILITY. Plaintiff has Electro-Impulse Cardiovascular Disease of the heart. Plaintiff was born with Congenital Heart Murmur Arrhythmia. Appearance of extreme rapid Atrial Fibrillation initiates Reduced Physiological Processes thereby preventing fatal Ventrical Fibrillation.

(8) SUBSTANTIALLY LIMITS MAJOR LIFE ACTIVITY. Plaintiff's condition substantially limits the major life activity of working, walking, and performing manual tasks.

(9) JUDICIAL NOTICE: ERVIN -VS- JUDICIAL COUNCIL IN NINTH CIRCUIT USCA. Ninth Circuit USCA case index demonstrates No. 06-17374, Ervin -vs- Judicial Council, et al., currently active and viewable on PACER SYSTEM. ADA Title II litigation Ervin -vs- Judicial Council began 2004 and has remained active at all times since to date. All elements of Ervin disability are established in Action No. 06-17374. ADA requires NON-RETALIATION by public entity against complainant.

Preemption Doctrine from Supremacy Clause requires public entity to interposition no state laws under color of law to nullify ADA Title II.

(10) PUBLIC ENTITIES. All Defendants are public entities for purposes of the ADA. See 42 USC section 12131(1) and 28 C.F.R. section 35.

(11) DISCRIMINATORY RETALIATION. On or about April 25, 2007 Judicial Council & Chairman receipted, maintained, and distributed a CCP 391.7 Prefiling Order made against Gary Ervin in discriminatory retaliation for the ongoing ADA Title II litigation concurrently maintained by Ervin against Judicial Council. Said discriminatory retaliation must be evaluated by the Court in terms of Mixed Motive Standard and Motivational Factor Standard delivered by Hon. Schwarzer in Head -vs- Glacier, supra. The acts of defendants against disabled plaintiff not only have the appearance of injustice but are shocking to the conscience of a reasonable person.

(12) JUDICIAL COUNCIL & CHAIRMAN. The Judicial Council & Chairman adopt rules for court administration, practice, and procedure but the rules adopted shall not be inconsistent with statute [CA Const. Art. 6 Section 6(d)]. The Judicial Council & Chairman maintain a direct liaison to every court and judge in the CA Judicial Branch of State Government. Rules adopted by the Judicial Council & Chairman that are inconsistent with ADA Title II are promulgated throughout the system to all courts and judges as further alleged below.

(13) FEDERAL ADA TITLE II: PUBLIC ENTITIES - PROHIBITION AGAINST DISCRIMINATION AND RETALIATION. In 1990 the Americans With Disabilities Act was enacted.

ADA Title II requires the CA Judicial Council & Chairman, and all CA courts and judges to give effect to the ADA in all proceedings and activities. The CA Judicial Branch of State Government has resisted this federal mandate as further alleged below.

(14) CA STATE CCP 391.7 PREFILING ORDER LAW. Also in 1990 (concurrent with federal ADA) the State of CA enacted CCP 391.7 Prefiling Order Law. The Judicial Council & Chairman have interpositioned this law so as to conflict with and nullify substantial provisions of ADA Title II as further alleged below.

(15) DEFICIENT CRC RULES FOR FEDERAL ADA TITLE II & STATE CCP 391.7 PREFILING ORDER LAW. The Judicial Council & Chairman have promugated CRC Rule 1.100 and Form Order MC-410 for partial application of ADA Title II in the CA Judicial Branch of State Government. In Rule 1.100 the State of CA concedes that its judges may be sued under the ADA Title II. But CRC Rule 1.100 omits any support for the ADA non-retaliation provisions. The Judicial Council & Chairman have in 18 years promulgated no CRC rules whatsoever and promulgated only Form Order MC-700 for CCP 391.7 Prefiling Order Law which conflicts with ADA Title II non-retaliation provisions. Form Order MC-700 provides for a mandatory maximum sanction without any discretion whatsoever even for the disabled or re non-retaliation provision of ADA Title II.

(16) APPLICATION OF STATE CCP 391.7 PREFILING ORDER LAW REQUIRES COMPLETE DISCRETION. The CA Legislature intended a discretionary range of sanctions when it enacted the CCP 391.7 Prefiling Order Law and the related CCP 128.7 sanctions law. Multiple case law

demonstrates this requirement of broad discretion. Discretionary use of Prefiling Order Law is necessary to avoid conflict with ADA Title II. Preemption of ADA Title II is supported by the People of CA and the Legislative Branch of Government in enacting portions of the CA Constitution, the CA Civil Code, and the CA Code of Civil Procedure. By Executive Order the Administrative Branch of Government also supports preemption of ADA Title II. The ADA sufficiently states its preeemption over conflicting state law. Federal law and federal courts require complete discretion in application of Prefiling Order Law as expressed in FRCP Rule 11, USDC CD CA Local Rule 83-8, and USCA Ninth Circuit Task Force on Self-Represented Litigants Appendix C.

(17) JUDICIAL COUNCIL APPLICATION OF STATE CCP 391.7 PREFILING ORDER LAW MANDATES MAXIMUM PENALTY WITHOUT ANY DISCRETION. Judicial Council Form Order MC-700 is mandatory and requires maximum sanction without any discretion provided. Under color of law the Judicial Council has converted discretionary statute CCP 391.7 into non-discretionary Form Order MC-700. The different law of MC-700 conflicts with ADA Title II and is used by the Judicial Branch of State Government for nullification of parts of the ADA Title II which is protected by the Preemption Doctrine. The CA Judicial Branch of State Government is alone in treating the Prefiling Order Law as preempting ADA Title II. As previously stated above, the People of CA, the Legislative Branch, the Executive Branch, the CA Constitution, the CCP, the Civil Code, and the ADA all support preemption of the ADA. Only the CA Judicial Branch of State Government would prefer to further impair rather than assist disabled Plaintiff under ADA Title II. This resistance to ADA Title II must be corrected.

Page Five

(18) VIOLATION OF ADA TITLE II & SECTION 1983. The actions of defendants have created a violation of Plaintiff's ADA Title II rights to be free of retaliation for making an ADA Title II claim and litigation. The actions of defendants surrounding their Judicial Council Form Order MC-700 have violated Plaintiff's Section 1983 rights under the Preemption Doctrine for ADA Title II.

PRAYER FOR RELIEF

Therefore, Plaintiff respectfully prays that this Court grant the following relief:

(19) DECLARATORY RELIEF. Declare each of the following:

--- Defendants' receipt, maintenance, and distribution of Prefiling Orders against Plaintiff during pending ADA Title II litigation between Plaintiff and Defendants violates the non-retaliation provisions of the ADA Title II.

--- Defendants' mandatory Judicial Council Form Order MC-700 conflicts in its present form with ADA Title II and to that extent is invalid pursuant to the Preemption Doctrine.

(20) INJUNCTIVE RELIEF. Enjoin Defendants as follows:

--- Defendants are enjoined against any further receipt, maintenance, and distribution of Prefiling Orders against Plaintiff during pending ADA Title II litigation between Plaintiff and Defendants.

--- Defendants are enjoined against any further promulgation of mandatory Judicial Council Form Order MC-700 in its present form pursuant to the Preemption Doctrine.

(21)   OTHER RELIEF.   Grant Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully requested,

DATED: JANUARY 16, 2008

_____
GARY ERVIN, Plaintiff Pro Personam

Page Seven