1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 TOM BLAKE
Deputy Attorney General
3 State Bar No. 51885
  455 Golden Gate Avenue, Suite 11000
4   San Francisco, CA 94102-3664
  Telephone: (415) 703-5506
5 Fax: (415) 703-5480
  Email: tom.blake@doj.ca.gov
6 Attorneys for Defendants Judicial Council of
California and Chief Justice Ronald George

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11 **GARY ERVIN,** | CV08 0299 PJH |
| 12 Plaintiff, | **NOTICE OF HEARING; MOTION TO DISMISS COMPLAINT [Rule 12(b) F.R.C.P]; MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT** |
| 13 v. | |
| 14 **JUDICIAL COUNCIL OF CA; CHMN RONALD GEORGE,** | |
| 15 | Date:    April 16, 2008 |
| Defendants. | Time:    9:00 a.m. |
| 16 | Dept:    Courtroom 3(17th   Floor) |

17      PLEASE TAKE NOTICE that on April 16, 2008, at 9:00 a.m. or as soon thereafter as counsel

18 may be heard in Courtroom 3 (17th Floor) of the above entitled court, located at 450 Golden Gate

19 Avenue, San Francisco, California 95102, the above-captioned defendants will move this court for

20 an order under Rule 12(b) Federal Rules of Civil Procedure, dismissing the complaint and each of

21 the causes of action alleged therein as to moving defendants on the grounds that the complaint fails

22 to state a claim upon which relief can be granted against the State of California and its judicial

23 agencies and officials.

24      This motion will be based on this motion and notice of motion; the memorandum of points and

25 authorities in support thereof, and the exhibits thereto; the pleadings, papers, and documents on file

26 herein; and such oral and documentary evidence as shall be introduced at the time of the hearing.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MOTION TO DISMISS

Defendants move to dismiss the complaint on file herein on the specific grounds that the complaint fails to state a claim upon which relief can be granted against the moving defendants.

WHEREFORE, moving defendants pray as follows:

1. That the complaint on file herein and each claim for relief alleged therein be dismissed as against moving defendants, and

2. That plaintiff be ordered to take nothing from moving defendants, and

3. That judgment be entered in favor of the moving defendants.

Dated:  February 11, 2008

Respectfully submitted,


/s/ Tom Blake

_____

TOM BLAKE
Deputy Attorney General

Attorneys for Defendants Judicial Council of California and Chief Justice Ronald George

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

Pro se plaintiff Ervin again seeks to invoke the jurisdiction of this District Court in his long-standing dispute with Farmers Insurance Exchange, which has been and is being litigated in state court in Sacramento County.   Plaintiff now asks this court to both enjoin the Judicial Council from maintaining him on the vexatious litigant list and to enjoin the Judicial Council from promulgating the form for that purpose, Form MC-700, "in its present form." (Compl., pg. 6, lines 11-26.)

Each of plaintiff's three earlier efforts in this court have also featured an invocation of the Americans With Disabilities Act and several have asserted retaliation under the ADA.  His three prior suits in the Northern District have had the following results:

- 4:04-cv-03754-CW *Ervin v. Virga et al.*, filed 09/07/04, closed 10/25/04 on defendants' motion to transfer to the United States District Court for the Eastern District of California; and

- 3:04-cv-04952-MJJ, *Ervin v. Judicial Council of California et al.*, filed 11/22/04, closed 02/07/05 on defendants' motion to transfer to the Eastern District of California, where it was numbered 2:05-cv-00269-LKK-GGH (PS), dismissed on defendants' motion, and is now on appeal (see infra) ; and

- 4:06-cv-07479-CW *Ervin v. Judicial Council of California et al.*, filed 12/06/06, dismissed on defendants' motion on 05/18/07 .

In the Eastern District of California, plaintiff has had three lawsuits, also all apparently relating to his dispute with Farmers Insurance:

- 2:04-cv-02387-DFL-PAN (PS), *Ervin v. Virga, et al.*, filed 11/08/04, closed 11/09/04 by plaintiff's voluntary dismissal; and

- 2:05-cv-00269-LKK-GGH (PS) *Ervin v. Judicial Council of California et al.*, filed 02/10/05 closed 09/12/06, now pending on appeal as U.S. Court of Appeals for the Ninth Circuit No. 06-17374; and

- 2:05-cv-00701-MCE-DAD (PS), *Ervin v. Farmers Insurance Exchange et al.*, filed 04/11/05 closed 11/09/05, Judgment in favor of Defendants affirmed on appeal, U.S. Court of Appeals

1      for the Ninth Circuit, No. 06-15357, 3/21/2007.[1/]

2      Most recently, the Superior Court in Sacramento declared plaintiff Ervin a vexatious litigant

3 pursuant to state law. (Compl., pg. 3, lines 7-11; see Exh. A.)  The Superior Court of California

4 having made that determination, the state court clerk notified the Judicial Council on the official

5 form (Form MC-700) as required by Code of Civil Procedure section 391.7(e).  The Judicial

6 Council, also as required by statute, performed the ministerial duty of adding Mr. Ervin's name to

7 the list of vexatious litigants as set out in the statute (Calif. Code Civ. Pro. sec. 391.7.

8      The decision to designate plaintiff a vexatious litigant was a judicial decision, made by a Judge

9 of the Superior Court (see Exh. A).  The judge making that decision[2/] enjoys absolute judicial

10 immunity, and the decision that plaintiff is a vexatious litigant subject to pre-filing review in state

11 court cannot be appealed in this federal district court.

12      The Judicial Council is immune from suit by reason of its quasi-judicial immunity, by reason

13 of the Eleventh Amendment immunity, and by the failure of plaintiff to allege facts showing that the

14 Judicial Council was retaliatory in carrying out its ministerial duty to "maintain a record of vexatious

15 litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the

16 clerks of the courts of this state"  (Cal. Code Civ. Pro. sec. 391.7(e)).

17      It appears that Chief Justice of California, the Honorable Ronald George, is named in his

18 constitutional capacity as Chairman of the Judicial Council.  The complaint does not, and cannot,

19 allege facts showing that the Chief Justice had any personal involvement in, or even knowledge of,

20 plaintiff's designation as a vexatious litigant.

21

22

23

24      1. Docket reports for plaintiff's prior matters in this court, in the Eastern District, and in the Ninth Circuit are attached for convenience as Exh. B. There is "ample authority ... which recognizes that matters of public record, including court records in related or underlying cases which have a

25 direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss."

26 *Lexicon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds, 523 U.S. 26 (1998).

27

28      2. This action does not name the trial court judge who decided that the vexatious litigant provisions are appropriate.

1

## ARGUMENT

2

### I.

3
4
5

**ABSOLUTE JUDICIAL QUASI-IMMUNITY BARS THIS SUIT AGAINST THE STATE'S JUDICIAL BRANCH, THE JUDICIAL COUNCIL OF CALIFORNIA, AND THE CHIEF JUSTICE OF CALIFORNIA.**

6

The justices, judges and administrative officials of the state's judicial branch are immune from

7

suit because they enjoy absolute and unqualified immunity for the judicial acts that the complaint

8

alleges. The U.S. Supreme Court long ago established the rule that judges are immune from civil

9

suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991);

10

*Pierson v. Ray*, 386 U.S. 547, 554 (1967). Indeed, "it is a general principle of the highest importance

11

to the proper administration of justice that a judicial officer, in exercising the authority vested in him,

12

shall be free to act upon his own conviction, without apprehension of personal consequences to

13

himself." *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

14

The United States Supreme Court set forth the scope of judicial immunity in *Pierson v. Ray*,

15

*supra*, 386 U.S. 547 (1967):

16
17
18

"This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is *not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence* and without fears of consequences [citations]." (386 U.S. 547, at 554; emphasis added.)

19

In *Stump v Sparkman*, 435 U.S. 349 (1978), the Supreme Court reiterated that judges are

20

entitled to judicial immunity for any judicial act:

21
22
23

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only in the 'clear absence of all jurisdiction.'[citation.]" (435 U.S. 349, at 356-357.)

24

Judges are absolutely immune from section 1983 liability for damages for their judicial acts,

25

"even when such acts are in excess of their jurisdiction, and are alleged to have been done

26

maliciously or corruptly." *Stump v. Sparkman, supra*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*,

27

793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed

28

by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump v. Sparkman*,

1  *supra*, 435 U.S. at 362.  In *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990), the Ninth Circuit

2  cites *Stump, supra* for the proposition that, in this context, jurisdiction is to be broadly construed.

3          The Judicial Council maintains the vexatious litigant list for the California judiciary (Code Civ.

4  Pro. sec. 391.7)  As such, it is the functional equivalent of a court clerk. "Court clerks have absolute

5  quasi-judicial immunity from damages for civil rights violations when they perform tasks that are

6  an integral part of the judicial process." *Mullis v. U. S. Bankruptcy Court for Dist. of Nevada*, 828

7  F.2d 1385, 1390 (9th Cir. 1987), cert. den. 486 U.S. 1040 (1988).

8          Quasi-judicial immunity is *not* limited to high-level officials and prosecutors.  It applies as well

9  to support staff such as court clerks and court reporters.  See *Stewart v. Minnick,* 409 F.2d 826 (9th

10  Cir. 1969); and *Dieu v. Norton*, 411 F.2d 761 (7th Cir. 1969), rev'd on other grounds, *Forrester v.*

11  *White*, 792 F.2d 647, 657 (1986).  It is the judicial/administrative function which triggers the

12  immunity.  Those who are specifically charged with carrying out the judicial process are immunized

13  from liability.  The quasi-judicial  immunity extends to officials involved in or administrative

14  proceedings as well as criminal matters.  In *Butz v. Economou*, 438 U.S. 478 (1978) the Supreme

15  Court held that federal agency officials responsible for either the decision to initiate administrative

16  proceedings or for conducting a trial and presenting evidence were absolutely immune.  The *Butz*

17  court analogized administrative officials to prosecutors.  *Butz, supra*, 438 U.S. at 515.  Although

18  *Butz* involved federal officials, the Supreme Court clearly stated its intent to accord state officials

19  the same quasi-judicial immunity. *Butz, supra*, 438 U.S. at 504.  Since *Butz*, many courts have found

20  similar absolute quasi judicial immunity for administrative officials, commissioners and attorneys

21  at both the state and federal level. (See, e.g., *Vakas v. Rodriguez*, 728 F.2d 1293, 1296-1297 (10th

22  Cir. 1984) and *Horwitz v. Board of Medical Examiners of Colorado*, 822 F.2d 1508, 1509 (10th Cir.

23  1987) [officials of physician licensing agency]; *Stankevitch v. IRS*, 640 F.2d 205, 206 (9th Cir. 1981)

24  [personnel responsible for auditing accounts and assessing penalties are absolutely immune under

25  *Butz*]; *Davis v. United States*, 667 F.2d 822, 825 (9th Cir. 1982) [immunity for quasi-prosecutorial

26  activities of military commander]; *Stanislaus Food Products Co. v. P.U.C.*, 560 F.Supp. 114, 118

27  (E.D.Cal. 1982) [public utility commissioners and staff]; *Sellars v. Procunier*, 641 F.2d 1295, 1299

28  (9th Cir. 1981) [parole board officials]; *Simons v. Bellinger*, 643 F.2d 774, 777 (D.C. Cir. 1980)

1   [state bar disciplinary committee].

2      The Judicial Council's discharge of its duties in recording the trial judge's determination that

3   plaintiff is a vexatious litigant were the performance of quasi-judicial functions in the administration

4   of the state's court system; none of its acts can be distinguished from the wide variety of quasi-

5   judicial and administrative acts which have been long held immunized, nor does (or can) the

6   complaint allege facts showing the Judicial Council's discharge of the ministerial acts was

7   retaliatory.  Accordingly, the Judicial Council is entitled to have this matter dismissed.

8 **II.**

9     **RULE 1.100, CALIFORNIA RULES OF COURT, DOES NOT**

10     **ABROGATE JUDICIAL IMMUNITY.**

11      Plaintiff asserts that Rule 1.100 of the California Rules of Court constitutes consent by the State

  of California to suits against California judges (Compl., pg. 4, lines12-21). However, Rule 1.100

12   merely provides for the accommodation of disabled persons in the state courts and does not waive

13   sovereign immunity or judicial immunity.

14      Rule 1.100 (formerly Rule 989.3) provides that, upon an applicant or participant's request, a

15   presiding judge will review accommodation decisions made by nonjudicial personnel and that review

16   of the presiding judge's determination may be had by petition for extraordinary relief in a higher

17   state court.  Rule 1.100, subsection (g).  The rule refers to the Americans with Disabilities Act

18   (ADA), but it does not waive (or even mention) sovereign immunity or judicial immunity, and the

19   rule does not give (or even mention) consent to suits against the state or against state judges.

20   Plaintiff cites no case authority for the proposition that Rule 1.100 consents to suit or waives

21   sovereign or judicial immunity.  While the ADA applies to the state, there is no authority for the

22   proposition that the ADA or Rule 1.100 abrogate the long-standing judicial immunity for judicial

23   acts.  The Judicial Council enjoys quasi-judicial immunity for its ministerial acts because the acts

24   of which the plaintiff complains were the performance of traditional court clerks' duties of the

25   keeping of court records.

26

27

28

### III.

### THE ELEVENTH AMENDMENT IS A FURTHER BAR TO THIS SUIT AGAINST THE STATE AND ITS JUDICIARY.

The complaint cites 42 U.S.C. §1983 as a basis for jurisdiction (Compl. p. 2, 22-26.). But the State, its agencies, its attorney general, and its judicial officials in their official capacities are immune from suit in this Court by reason of the Eleventh Amendment of the United States Constitution. The Eleventh Amendment bars such suits in federal court unless the defendant has waived immunity or Congress has exercised its power under the Fourteenth Amendment to override that immunity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1967). The Eleventh Amendment provides:

> "The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

The Eleventh Amendment bar applies to suits seeking injunctive or declaratory relief against a state or its agencies as well as to suits seeking damages. *Alabama v. Pugh,* 438 U.S. 781 (1973). In *Pugh, supra,* the State of Alabama and its Department of Corrections maintained that a mandatory injunction against them was unconstitutional because the Eleventh Amendment prohibits federal courts from entertaining suits against states and their agencies. The U.S. Supreme Court agreed:

> "There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit." (*Alabama v. Pugh, supra,* 438 U.S. 781, 782.)

The Eleventh Amendment bars suits that seek either damages or injunctive relief against a state, an arm of a state, or a state's instrumentalities or agencies. *Durning v. Citibank, N.A.,* 950 F.2d 1419, 1422-23 (9th. Cir. 1991). Thus, the State, the state courts, and the judges and officials of the state courts (insofar as they are sued in their official capacities) are entitled to Eleventh Amendment immunity. *Austin v. State Indus. Insur. Sys.,* 939 F.2d 676, 677 (9th Cir. 1991); *Franseschi v. Schwartz,* 57 F.3d 828, 830-31 (9th. Cir. 1994); *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir. 1987). The amendment clearly prohibits actions for damages against an "official's office," for they are in reality suits against the state. *Stivers v. Pierce,* 71 F.3d. 732, 749 (9th Cir. 1995).

1      Defendant Judicial Council of California is an integral part of the judicial branch of state

2  government.  The Commission's membership is set down in the State Constitution at Article 6,

3  section 6.  Under supervision of the Chief Justice of the California Supreme Court, the Council

4  surveys the operation of the state court system and develops policy and makes rules for judicial

5  administration.  Article 6, section 6 of the California Constitution mandates that the Council make

6  annual reports to the Governor and the Legislature, "adopt rules for court administration, practice,

7  and procedure," and "perform other functions prescribed by statute."

8      Article 6, section 6 also specifies the council's membership, a majority of whom are trial court

9  judges and appellate justices appointed by the Chief Justice.  In *O'Connor* v. *Nevada,* 507 F.Supp.

10  546, 550 (D.Nev., 1981), affirmed 686 F.2d 749 (9th Cir. 1982), cert. denied 459 U.S. 1071 (1982),

11  the Nevada Supreme Court was recognized as an arm of the state itself and dismissed on Eleventh

12  Amendment grounds.  The Judicial Council of California is similarly an arm of the state itself under

13  the California Constitution and therefore is immune from this lawsuit.  Although Congress has

14  elected to abrogate the states' Eleventh Amendment immunity under the ADA, certainly applicable

15  to such matters as court-house access and aids to the visually impaired, there is no authority for the

16  proposition that Congress intended to abrogate the traditional immunity of the states' judiciary in

17  such core judicial functions as preventing vexatious litigation from oppressing the body politic.

18                                              **IV.**

19      **UNDER THE ROOKER-FELDMAN DOCTRINE, THE DISTRICT**
        **COURT LACKS JURISDICTION TO REVIEW STATE COURT**
20      **JUDGMENTS AND ORDERS.**

21      Plaintiff petitions this Court to enjoin the Judicial Council from maintaining him on the list of

22  litigants subject to the prefiling provisions that the state legislature has enacted to protect the public

23  from vexatious litigation (see, Comp., page 6, lines 11-26).  However, plaintiff was determined to

24  be a person who fits the state-law statutory criteria for designation as a vexatious litigant after a

25  contested hearing at which he submitted written opposition and had an opportunity to be heard.  See

26  Exh. C. The official form he challenges, MC-700, does no more than memorialize the judge's

27  decision.

28      To entertain his prayer for relief in this action would, in effect, be to review the state Superior

Notice of Hearing; Motion to Dismiss [Rule 12)(b)]; Points & Authorities          Case No. CV08 0299 PJH

1    Court judgment on the merits.  Such a review by the district court would violate a basic precept that

2    federal district courts are courts of limited original jurisdiction.

3        The federal district courts are not appellate tribunals to review state court actions for alleged

4    errors.  *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281,

5    296 (1970).  A federal court has no jurisdiction over issues that are "inextricably intertwined" with

6    allegations underlying the judgment of a state court.  *Feldman, supra*, 460 U.S. at 486-87.  The

7    federal district courts lack jurisdiction to review state court judgments.  *Allah v. Superior Court of

8    the State of California*, 871 F.2d 887, 890-91(9th Cir. 1989); *Rooker v. Fidelity Trust Co., supra*, 263

9    U.S. 413, 415; *D.C. Court of Appeals v. Feldman, supra*, 460 U.S. 462, 486-87.

10       District courts lack jurisdiction to review final state court determinations even when the

11   challenge to the state court decision involves federal constitutional issues.  *Branson v. Nott*, 62 F.3d

12   287, 291-92 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-891 (9th Cir.

13   1986).  Characterizing this action as a general constitutional challenge, such as by characterizing a

14   state court form as somehow incorrect (see, Compl. Pg. 5, lines 12-25) is of no avail to plaintiff;

15   district courts have no jurisdiction where it appears on the face of the complaint that the action seeks,

16   in effect,"a review of the merits of a state court action."  A district court may, *sua sponte*, even

17   sanction such a frivolous and abusive use of judicial process by awarding attorney fees under 42

18   U.S.C. §1988.  *Branson v. Nott, supra*, 62 F.2d at 292.        As the court noted in *Louis v. Supreme

19   Ct. of Nevada*, 490 F.Supp. 1174 (D.Nev. 1980):

20          "If the constitutional issues had been raised in the State Supreme Court and
               decided erroneously, appeal to the United States Supreme Court would have
21          been the only available procedure to correct the error; **the jurisdiction of the
               U.S. District Courts is original only, and not appellate.**  [citing *Rooker v.
22          Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)." (*Louis v.
               Supreme Ct. of Nevada, supra*, 490 F.Supp. 1174, 1179; emphasis added.)
23

24       In *District of Columbia Court of Appeals v. Feldman, supra*, 460 U.S. 462, 486-87, the U.S.

25   Supreme Court held that district courts may exercise only original jurisdiction.  The U.S. Supreme

26   Court has exclusive jurisdiction to review state decisions.  *Id.* at 486.  See also 28 U.S.C. §1257.

27   The instant complaint asks this Court to review the state court's conduct of litigation there, but the

28   district court is powerless to do so.  See *Barry v. Brower*, 864 F.2d 294, 300 (3rd Cir. 1988)

1  ["principles of federalism preclude a federal court's direct interference with a state court's conduct

2  of state court litigation"].

3       The Court should dismiss this action for lack of subject matter jurisdiction under the

4  *Rooker-Feldman* doctrine because the relief plaintiff seeks is "inextricably intertwined" with the state

5  court proceedings. *Feldman, supra.*

6                                              **V.**

7       **CALIFORNIA'S VEXATIOUS LITIGANT LAW, CODE OF CIVIL**
        **PROCEDURE SECTIONS 391 ET SEQ., IS CONSTITUTIONAL.**

8       The complaint alleges that the moving defendants discharged their official duties by applying

9  the California vexatious litigant statutes, Code of Civil Procedure §§391 et seq. (Compl., pg. 3, lines

10 7-11).    California courts have consistently held that the state's vexatious litigant statute, Cal. Code

11 Civ. proc. §§ 391 through 391.7, is "constitutional and [does] not deprive a litigant of due process

12 of law." *Bravo v. Ismaj*, 99 Cal.App.4th 211, 222 (2002).  As noted above, plaintiff's as-applied

13 challenge is precluded by the *Rooker-Feldman* doctrine because he is seeking relief from a prior state

14 court vexatious litigant order.  *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-01 (9th Cir. 2003)

15 (*Rooker-Feldman* doctrine "precludes review of all 'state court decisions in particular cases arising

16 out of judicial proceedings even if those challenges allege that the state court's action was

17 unconstitutional.'") (citation omitted).  Neither the California Supreme Court nor the U.S. Supreme

18 Court have ruled on the vexatious litigant statutes, but the California courts have uniformly upheld

19 their validity. *Taliaferro v. Hoogs*, 236 Cal.App.2d 521 (1965); *First Western Development Corp.*

20 v. *Superior Court (Andrisani)* 212 Cal.App.3d 860 (1989).  In *First Western Development Corp.*,

21 the state Court of Appeal explained:

22

23        "In discussing the provisions of subdivision (b)(2) of section 391, the *Taliaferro*
          court held: 'The constant suer for himself becomes a serious problem to others
24        than the defendant he dogs.  By clogging court calendars, he causes real
          detriment to those who have legitimate controversies to be determined and to
25        the taxpayers who must provide the courts. . . .'"
              . . . .

26        "Constitutional challenges to the statutory scheme were disposed of in
          *Taliaferro v. Hoogs* [supra] (1995) 236 Cal.App.2d 521 [46 Cal.Rptr. 147], in
27        which the court held (1) the vexatious litigant statutes do not unlawfully
          discriminate against litigants proceeding in propria persona; (2) the statutes do
28        not operate to deprive a litigant of due process of law; and (3) the requirement

Notice of Hearing; Motion to Dismiss [Rule 12)(b)]; Points & Authorities         Case No. CV08 0299 PJH
                                              9

1    that security must be furnished by one found a vexatious litigant if there is no reasonable probability he will prevail is not vague or uncertain. [citation]."

2    (*First Western Development Corp., supra,* 212 Cal.App.3d 860, 868.)

3    Nothing in the concept of reasonably limiting a private person's power to involuntarily involve

4    others in judicial proceedings is foreign to American constitutional principles.

5
## VI.

6    **THE STATE, THE JUDICIAL COUNCIL OF CALIFORNIA, AND STATE JUDICIAL OFFICIALS ACTING IN THEIR OFFICIAL**

7    **CAPACITY ARE NOT "PERSONS" SUBJECT TO 42 U.S.C. §1983.**

8    Plaintiff alleges jurisdiction under 42 U.S.C. section 1983 (Compl., p. 6, line 2). Only a

9    "person" may be sued under 42 U.S. Code §1983. The United States Supreme Court, after extensive

10    review of the legislative history of section 1983, has held that the States and their agencies are not

11    "persons" within the meaning of section 1983. *Will v. Michigan Dep't of State Police, supra,* 491

12    U.S. 58, 65. Therefore, suit under 42 U.S.C. section 1983 cannot be maintained against the Judicial

13    Council or the Chief Justice in his capacity as Chairman of the Judicial Council.

14
## CONCLUSION

15    The complaint does not state a claim upon which relief can be granted. Nothing in it gives

16    reason to believe that the complaint could be amended to state a claim and it therefore should be

17    dismissed without leave to amend.

18    Dated: February 11, 2008

19                  Respectfully submitted,

20                   EDMUND G. BROWN JR.
                     Attorney General of the State of California

21

22                   /s/ Tom Blake

23                   TOM BLAKE
                     Deputy Attorney General

24                   Attorneys for Defendants Judicial Council of California and
                     Chief Justice Ronald George

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **ERVIN, Gary v. Judicial Council of California, et al.**

No.:    **C 08-0299-PJH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 11, 2008, I served the attached NOTICE OF HEARING; MOTION TO DISMISS COMPLAINT [Rule 12(b)F.R.C.P.]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Gary Ervin
4977 Hillhurst Drive
Fair Oaks, CA 95628

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 11, 2008, at San Francisco, California.

|  |  |
|---|---|
| _____ | _____ |
| Lorraine Smith | Lorraine Smith |
| Declarant | Signature |

40217123.wpd

# EXHIBIT A

RECEIVED
APR 2 6 2007

MC-700

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number and address):
(To be completed only if a party is making the motion)

FILED
APR 2 5 2007
By _____
Deputy Clerk

ATTORNEY FOR (Name):

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY, AND MAILING AND STREET ADDRESS:

SACRAMENTO SUPERIOR COURT
720-NINTH STREET
SACRAMENTO, CA 95814

CASE NAME:
GARY ERVIN VS. FARMERS INSURANCE EXCHANGE, ET AL

| PREFILING ORDER—VEXATIOUS LITIGANT | CASE NUMBER: 06AS00387 |
|---|---|

1. Name and address of plaintiff(s) or cross-complainant(s) who is subject to this prefiling order:
   GARY ERVIN
   4977 HILLHURST DRIVE
   FAIR OAKS, CA 95628

2. This prefiling order is entered pursuant to a motion made by ☐ the court ☑ party (name):
   DAVID B. OWEN
   NEMECEK & COLE

3. The individual(s) mentioned in item 1 is prohibited from filing any new litigation in propria persona in the courts of California without approval of the presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at (415) 865-4329 or by mail at the address below.

Vexatious Litigant Prefiling Orders
California Judicial Council
Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, California 94102-3688

Date: APR 2 5 2007

PATRICIA C. ESGRO
JUDGE

(Bottom fold line if using a window return envelope)


ENTERED

Form Adopted by the
Judicial Council of California
MC-700 [New January 1, 1997]
Mandatory Form

PREFILING ORDER—VEXATIOUS LITIGANT

Code of Civil Procedure, § 391.7

American LegalNet, Inc.
www.USCourtForms.com

## CERTIFICATE OF SERVICE BY MAILING
### C.C.P. Sec. 1013a(4))

I, the undersigned deputy clerk of the Superior Court of California, County of Sacramento, do declare under penalty of perjury that I did this date place a copy of the above entitled PREFILING ORDER-VEXATIOUS LITIGANT in envelopes addressed to each of the parties, or their counsel of record as stated below, with sufficient postage affixed thereto and deposited the same in the United States Post Office at Sacramento, California.

GARY ERVIN
4977 HILLHURST DRIVE
FAIR OAKS, CA 95628

DAVID B. OWEN
ATTORNEY AT LAW
15260 VENTURA BLVD, STE 920
SHERMAN OAKS, CA 91403

VEXATIOUS LITIGANT PREFILING
ORDERS
CALIFORNIA JUDICIAL COUNCIL
ADMINISTRATIVE OFFICE OF THE
COURTS
455 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102-3688

Dated: APRIL 25, 2007

Superior Court of California,
County of Sacramento

By:    R. ROUSE,
        Deputy Clerk

# EXHIBIT B

ADRMOP, CLOSED, ProSe, TRANSF

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:04-cv-03754-CW

Ervin v. Virga et al
Assigned to: Hon. Claudia Wilken
Demand: $0
Relate Case Case: 4:06-cv-07479-CW
Cause: 42:12101 Americans w/ Disabilities Act (ADA)

Date Filed: 09/07/2004
Date Terminated: 10/25/2004
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Gary Ervin**                    represented by   **Gary Ervin**
4977 Hillhurst Drive
Fair Oaks, CA 95628
916-962-2837
PRO SE

V.

**Defendant**

**Michael Gillis Virga**          represented by   **Thomas A. Blake**
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004
415-703-5506
Fax: 415-703-5480
Email: tom.blake@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Loren Eldon McMaster**          represented by   **Thomas A. Blake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Esther Elizabeth Castellanos**  represented by   **Thomas A. Blake**
(See above for address)
*LEAD ATTORNEY*

CAND-ECF    https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?580206139892669-...

*ATTORNEY TO BE NOTICED*

**Defendant**

**Superior Court of California, County**          represented by **Thomas A. Blake**
**of Sacramento**                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2004 | 1 | COMPLAINT - [Summons Issued] against Esther Elizabeth Castellanos, Loren Eldon McMaster, Superior Court of California, County of Sacramento & Michael Gillis Virga, [Filing Fee: $150.00, Receipt Number 3363747]. Filed by Pro se Plaintiff Gary Ervin. (tn, COURT STAFF) (Filed on 9/7/2004) (Entered: 09/10/2004) |
| 09/07/2004 | | Summons Issued as to Michael Gillis Virga. (tn, COURT STAFF) (Filed on 9/7/2004) (Entered: 09/10/2004) |
| 09/07/2004 | | Summons Issued as to Loren Eldon McMaster. (tn, COURT STAFF) (Filed on 9/7/2004) (Entered: 09/10/2004) |
| 09/07/2004 | | Summons Issued as to Esther Elizabeth Castellanos. (tn, COURT STAFF) (Filed on 9/7/2004) (Entered: 09/10/2004) |
| 09/07/2004 | | Summons Issued as to Superior Court of California, County of Sacramento. (tn, COURT STAFF) (Filed on 9/7/2004) (Entered: 09/10/2004) |
| 09/07/2004 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 1/5/2005 & Initial Case Management Conference set for 1:30 p.m. on 1/12/2005. (tn, COURT STAFF) (Filed on 9/7/2004) (Entered: 09/10/2004) |
| 09/23/2004 | 3 | DECLINATION to Proceed Before a United States Magistrate Judge & REQUEST for Reassignment to a United States District Court Judge. Filed by Defendants Esther Elizabeth Castellanos, Loren Eldon McMaster, Superior Court of California, County of Sacramento & Michael Gillis Virga. (tn, COURT STAFF) (Filed on 9/23/2004) (Entered: 09/27/2004) |
| 09/27/2004 | 4 | NOTICE OF MOTION & MOTION To Dismiss, or in the Alternative, To Transfer Venue, with MEMORANDUM of Points & Authorities in Support Thereof [Rule 12(b)(3), Fed.Rules Civil Pro.]. Filed by Defendant The Honorable Loren Eldon McMaster. Motion Hearing set for 11/17/2004 10:30 AM. (tn, COURT STAFF) (Filed on 9/27/2004) (Entered: 09/27/2004) |
| 09/29/2004 | | RECEIVED ORDER: [Proposed] Order Dismissing Complaint [F.R.C.P. Rule 12(b)] Submitted by Defendants Esther Elizabeth Castellanos, Loren |

| | | |
|---|---|---|
| | | Eldon McMaster, Superior Court of California, County of Sacramento & Michael Gillis Virga. (tn, COURT STAFF) (Filed on 9/29/2004) (Entered: 09/30/2004) |
| 10/04/2004 | 5 | SERVICE OF SUMMONS Returned Executed Upon Defendants Esther Elizabeth Castellanos, Loren Eldon McMaster, Superior Court of California, County of Sacramento & Judge Michael Gillis Virga, *Served Personally Upon All Defendants on 9/13/04 -- Answer Due 10/4/04.* (tn, COURT STAFF) (Filed on 10/4/2004) (Entered: 10/05/2004) |
| 10/04/2004 | 6 | FIRST AMENDED COMPLAINT For Violation of Title II of The Americans with Disabilities Act & Conversion. Filed by Pro se Plaintiff Gary Ervin. (tn, COURT STAFF) (Filed on 10/4/2004) (Entered: 10/05/2004) |
| 10/04/2004 | 7 | CLERK'S NOTICE of Impending Reassignment to a United States District Court Judge. (tn, COURT STAFF) (Filed on 10/4/2004) (Entered: 10/05/2004) |
| 10/04/2004 | 8 | REASSIGNMENT ORDER Signed by The Executive Committee. Case reassigned to Judge Claudia Wilken for all further proceedings. Magistrate Judge Edward M. Chen no longer assigned to the case. (tn, COURT STAFF) (Filed on 10/4/2004) (Entered: 10/05/2004) |
| 10/07/2004 | 9 | MOTION to Dismiss, or in the alternative, to transfer venue filed by Esther Elizabeth Castellanos, Loren Eldon McMaster, Superior Court of California, County of Sacramento, Michael Gillis Virga. Motion Hearing set for 11/19/2004 10:00 AM. (cp, COURT STAFF) (Filed on 10/7/2004) (Entered: 10/08/2004) |
| 10/18/2004 | 10 | Letter from Gary Ervin dated 10/13/04 re: request for reassignment and to vacate hearing date for defendants' motion scheduled for 11/19/04. (cp, COURT STAFF) (Filed on 10/18/2004) (Entered: 10/22/2004) |
| 10/25/2004 | 11 | ORDER TRANSFERRING CASE to the Eastern District of California; defendants' motion to dismiss, or in the alternative to transfer venue is denied as moot.. Signed by Judge Claudia Wilken on 10/25/04. (cp, COURT STAFF) (Filed on 10/25/2004) (Entered: 10/25/2004) |
| 11/05/2004 | | Clerk's letter to USDC, Eastern District of CA re: transfer of case (cp, COURT STAFF) (Filed on 11/5/2004) (Entered: 11/05/2004) |
| 11/15/2004 | 12 | Receipt from USDC, Eastern District of California (their case #CIV.S-04-2387-DFL-PAN-PS) of transmitted original case file documents (cp, COURT STAFF) (Filed on 11/15/2004) (Entered: 11/17/2004) |
| 01/26/2007 | 13 | ORDER relating case to C-06-7479-CW. Signed by Judge Claudia Wilken on 1/26/07. (cp, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/26/2007) |

https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?580206139892669-...

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/10/2008 12:39:11 | | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:04-cv-03754-CW |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

ADRMOP, E-Filing, ProSe

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:08-cv-00299-PJH

Ervin v. Judicial Council of CA et al
Assigned to: Hon. Phyllis J. Hamilton
Cause: 42:1983 Civil Rights Act

Date Filed: 01/16/2008
Jury Demand: None
Nature of Suit: 446 American with
Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Gary Ervin**

represented by **Gary Ervin**
4977 Hillhurst Drive
Fair Oaks, CA 95628
916-962-2837
PRO SE

**V.**

**Defendant**

**Judicial Council of CA**

**Defendant**

**Ronald George**
*Chmn.*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/16/2008 | 1 | COMPLAINT for Equitable Relief against Judicial Council of CA, Ronald George ( Filing fee $ 350, receipt number 34611014663.). Filed byGary Ervin. (far, COURT STAFF) (Filed on 1/16/2008) (Entered: 01/17/2008) |
| 01/16/2008 | | CASE DESIGNATED for Electronic Filing. (far, COURT STAFF) (Filed on 1/16/2008) (Entered: 01/17/2008) |
| 01/16/2008 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 4/17/2008. Case Management Conference set for 4/24/2008 02:30 PM. (Attachments: # 1 Standing Order)(far, COURT STAFF) (Filed on 1/16/2008) (Entered: 01/17/2008) |

https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?374195241014174-...

| 01/16/2008 | | Summons Issued as to Judicial Council of CA, Ronald George. (far, COURT STAFF) (Filed on 1/16/2008) (Entered: 01/17/2008) |
| 01/28/2008 | 3 | SUMMONS Returned Executed by Gary Ervin. Judicial Council of CA served on 1/22/2008, answer due 2/11/2008; Ronald George served on 1/22/2008, answer due 2/11/2008. (far, COURT STAFF) (Filed on 1/28/2008) (Entered: 01/30/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/10/2008 12:37:48 | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:08-cv-00299-PJH |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

ADRMOP, CLOSED, ProSe, TRANSF

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:04-cv-04952-MJJ

Ervin v. Judicial Council of California et al          Date Filed: 11/22/2004
Assigned to: Hon. Martin J. Jenkins                    Date Terminated: 02/07/2005
Cause: 42:12101 Americans w/ Disabilities Act (ADA)    Jury Demand: Plaintiff
                                                       Nature of Suit: 440 Civil Rights: Other
                                                       Jurisdiction: Federal Question

**Plaintiff**

**Gary Ervin**                          represented by  **Gary Ervin**
                                                        4977 Hillhurst Drive
                                                        Fair Oaks, CA 95628
                                                        916-962-2837
                                                        PRO SE

V.

**Defendant**

**Judicial Council of California**      represented by  **Zackery P. Morazzini**
                                                        California Attorney General's Office
                                                        1300 I Street
                                                        P.O. Box 944255
                                                        Sacramento, CA 94244-2550
                                                        916-445-8226
                                                        Fax: 916-324-5567
                                                        Email: zackery.morazzini@doj.ca.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**State Bar of California**             represented by  **Mark A Torres-Gil**
                                                        The State Bar of California
                                                        Office of General Counsel
                                                        180 Howard Street
                                                        San Francisco, CA 94105
                                                        415-538-2012
                                                        Email: Mark.torresgil@calbar.ca.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Superior Court of California, County**          represented by    **Zackery P. Morazzini**
**of Sacramento**                                                 (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*


**Defendant**

**Michael Gillis Virga**                          represented by    **Zackery P. Morazzini**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*


**Defendant**

**Thomas Martin Cecil**                           represented by    **Zackery P. Morazzini**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*


**Defendant**

**Loren Eldon McMaster**                          represented by    **Zackery P. Morazzini**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*


**Defendant**

**Esther Elizabeth Castellanos**                  represented by    **Zackery P. Morazzini**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2004 | 1 | COMPLAINT; summons issued against Judicial Council of California, State Bar of California, Superior Court of California, County of Sacramento, Michael Gillis Virga, Thomas Martin Cecil, Loren Eldon McMaster, Esther Elizabeth Castellanos ( Filing fee $ 150; receipt number 3366329.). Filed byGary Ervin. (slh, COURT STAFF) (Filed on 11/22/2004) (Entered: 11/23/2004) |
| 11/22/2004 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 2/15/2005. Case Management Conference set for 2/22/2005 02:00 PM. (slh, COURT STAFF) (Filed on 11/22/2004) (Entered: 11/23/2004) |
| 12/13/2004 | 3 | SUMMONS Returned Executed by Gary Ervin. Judicial Council of California served on 11/23/2004, answer due 12/13/2004. (slh, COURT STAFF) (Filed on 12/13/2004) (Entered: 12/15/2004) |

| 12/13/2004 | 4 | MOTION to Dismiss or, in the alternative, MOTION to Transfer Case filed by Judicial Council of California, Superior Court of California, County of Sacramento, Michael Gillis Virga, Thomas Martin Cecil, Loren Eldon McMaster, Esther Elizabeth Castellanos. Motion Hearing set for 1/25/2005 09:30 AM. (slh, COURT STAFF) (Filed on 12/13/2004) (Entered: 12/15/2004) |
|---|---|---|
| 12/13/2004 | 5 | Request for Judicial Notice re 4 MOTION to Dismiss or MOTION to Transfer Case MOTION to Transfer Case filed byJudicial Council of California, Michael Gillis Virga, Thomas Martin Cecil, Loren Eldon McMaster, Esther Elizabeth Castellanos. (Related document(s) 4 ) (slh, COURT STAFF) (Filed on 12/13/2004) (Entered: 12/15/2004) |
| 12/14/2004 | 6 | MOTION to Dismiss plaintiff's Complaint for failure to state a claim filed by State Bar of California. Motion Hearing set for 1/25/2005 09:30 AM. (slh, COURT STAFF) (Filed on 12/14/2004) (Entered: 12/16/2004) |
| 12/15/2004 | 7 | Renotice motion hearing re 4 MOTION to Dismiss MOTION to Transfer Case MOTION to Transfer Case filed byJudicial Council of California, Superior Court of California, County of Sacramento, Michael Gillis Virga, Thomas Martin Cecil, Loren Eldon McMaster, Esther Elizabeth Castellanos. Motion Hearing reset for 2/8/2005 09:30 AM. (slh, COURT STAFF) (Filed on 12/15/2004) (Entered: 12/17/2004) |
| 12/27/2004 | 8 | CERTIFICATE OF SERVICE by Gary Ervin (slh, COURT STAFF) (Filed on 12/27/2004) (Entered: 01/04/2005) |
| 12/27/2004 | 9 | CERTIFICATE OF SERVICE by Gary Ervin (slh, COURT STAFF) (Filed on 12/27/2004) (Entered: 01/04/2005) |
| 01/04/2005 | 10 | Memorandum in Opposition defendants' Motions to Dismiss 6 4 filed byGary Ervin. (slh, COURT STAFF) (Filed on 1/4/2005) (Entered: 01/18/2005) |
| 01/04/2005 | 11 | Request for Judicial Notice in opposition to defendants' Motions to Dismiss 6 4 filed byGary Ervin. (Related document(s) 6 , 4 ) (slh, COURT STAFF) (Filed on 1/4/2005) (Entered: 01/18/2005) |
| 01/11/2005 | 12 | Reply to plaintiff's Opposition re 6 MOTION to Dismiss filed byState Bar of California. (slh, COURT STAFF) (Filed on 1/11/2005) (Entered: 01/19/2005) |
| 01/11/2005 | 13 | OBJECTIONS to plaintiff's Request for Judicial Notice 11 Request for Judicial Notice by State Bar of California. (slh, COURT STAFF) (Filed on 1/11/2005) (Entered: 01/19/2005) |
| 01/25/2005 | 14 | Reply to Opposition re all defendants' 6 MOTION to Dismiss, 4 MOTION to Dismiss or Transfer Case filed byJudicial Council of California, Superior Court of California, County of Sacramento, Michael Gillis Virga, Thomas Martin Cecil, Loren Eldon McMaster, Esther Elizabeth Castellanos. (slh, COURT STAFF) (Filed on 1/25/2005) (Entered: 01/27/2005) |

| 01/28/2005 | 15 | OBJECTIONS to re 4 MOTION to Dismiss, 14 Reply to Opposition by Gary Ervin. (slh, COURT STAFF) (Filed on 1/28/2005) (Entered: 01/31/2005) |
| 02/01/2005 | 16 | OBJECTIONS to 6 MOTION to Dismiss, 12 Reply to Opposition by Gary Ervin. (slh, COURT STAFF) (Filed on 2/1/2005) (Entered: 02/02/2005) |
| 02/01/2005 | 17 | Joint filing of ADR Certification (ADR L.R. 3-5b) and Notice of Need for ADR Phone Conference. (slh, COURT STAFF) (Filed on 2/1/2005) (Entered: 02/02/2005) |
| 02/03/2005 | 18 | ORDER by Judge Martin J. Jenkins vacating hearing re: 4 6 Motions to Dismiss. (slh, COURT STAFF) (Filed on 2/3/2005) (Entered: 02/04/2005) |
| 02/07/2005 | 19 | ADR Clerks Notice Setting ADR Phone Conference on 2/16/05 at 3:00 p.m. Please take note that the ADR Office initiates the call to all parties. (tjs, COURT STAFF) (Filed on 2/7/2005) (Entered: 02/07/2005) |
| 02/07/2005 | 20 | TRANSFER ORDER by Judge Martin J. Jenkins transferring case to the Eastern District of California for the convenience of the parties; the Court declines to address defendant State Bar's Motion to Dismiss 6 . (slh, COURT STAFF) (Filed on 2/7/2005) (Entered: 02/09/2005) |
| 02/07/2005 |  | Certified copy of docket sheet, transfer order, and original case file documents sent to USDC, Sacramento, CA. (slh, COURT STAFF) (Filed on 2/7/2005) (Entered: 02/09/2005) |
| 02/14/2005 | 21 | Receipt from USDC, Eastern District of transferred action; new case # 2:05-cv-269 LKK GGH PS. (slh, COURT STAFF) (Filed on 2/14/2005) (Entered: 02/17/2005) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 02/10/2008 12:32:49 | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:04-cv-04952-MJJ |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

CLOSED, E-Filing, MEDIATION, ProSe, REF    E

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:06-cv-07479-CW

Ervin v. Judicial Council of California et al
Assigned to: Hon. Claudia Wilken
Relate Case Case: 4:04-cv-03754-CW
Cause: 42:12101 Americans w/ Disabilities Act (ADA)

Date Filed: 12/06/2006
Date Terminated: 05/18/2007
Jury Demand: None
Nature of Suit: 446 American with
Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Gary Ervin**                          represented by **Gary Ervin**
                                        4977 Hillhurst Drive
                                        Fair Oaks, CA 95628
                                        916-962-2837
                                        PRO SE

V.

**Defendant**

**Judicial Council of California**       represented by **Thomas A. Blake**
                                        State Attorney General's Office
                                        455 Golden Gate Avenue
                                        Suite 11000
                                        San Francisco, CA 94102-7004
                                        415-703-5506
                                        Fax: 415-703-5480
                                        Email: tom.blake@doj.ca.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Sacramento Superior Court**           represented by **Thomas A. Blake**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Judge Patricia C. Esgro**             represented by **Thomas A. Blake**
*Sacramento Superior Court*             (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert W. Brannen**                    represented by **David Bruce Owen**
                                        Nemecek & Cole
                                        15260 Ventura Boulevard
                                        Suite 920
                                        Sherman Oaks, CA 91403-5399
                                        818 788-9500
                                        Fax: 818 501-5399
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Anne L. Thompson**
                                        Nemecek & Cole
                                        15260 Ventura Boulevard
                                        Suite 920
                                        Sherman Oaks, CA 91403-5399
                                        818 788-9500
                                        Fax: 818 501-0328
                                        *ATTORNEY TO BE NOTICED*

                                        **Jonathan B. Cole**
                                        Nemecek & Cole
                                        15260 Ventura Boulevard
                                        Suite 920
                                        Sherman Oaks, CA 91403-5399
                                        818 788-9500
                                        Fax: 818 501-0328
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Deborah A. Correll**                   represented by **David Bruce Owen**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Anne L. Thompson**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Jonathan B. Cole**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Farmers Insurance Exchange**                represented by **David Bruce Owen**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Anne L. Thompson**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Jonathan B. Cole**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**James S. McWhorter**                        represented by **David Bruce Owen**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Anne L. Thompson**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Jonathan B. Cole**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2006 | 1 | COMPLAINT; summons issued against Judicial Council of California, Sacramento Superior Court, Patricia C. Esgro (Filing fee $ 350, receipt number 34611000203). Filed by Gary Ervin. (slh, COURT STAFF) (Filed on 12/6/2006) (Entered: 12/07/2006) |
| 12/06/2006 | 2 | Scheduling Order for Cases Asserting Denial of Right of Access under Americans with Disabilities Act. (Attachments: # 1 Standing Order)(slh, COURT STAFF) (Filed on 12/6/2006) (Entered: 12/07/2006) |
| 01/03/2007 | 3 | Summons Returned Unexecuted by Gary Ervin as to Judicial Council of California, Sacramento Superior Court, Patricia C. Esgro. (slh, COURT STAFF) (Filed on 1/3/2007) (Entered: 01/05/2007) |
| 01/03/2007 | 4 | AMENDED COMPLAINT against Robert W. Brannen, Deborah A. Correll, Farmers Insurance Exchange, James S. McWhorter, Judicial Council of California, Sacramento Superior Court, Patricia C. Esgro. Filed by Gary Ervin. (slh, COURT STAFF) (Filed on 1/3/2007) (Entered: 01/05/2007) |

| 01/03/2007 | | Summons Issued as to Robert W. Brannen, Deborah A. Correll, Farmers Insurance Exchange, James S. McWhorter, Judicial Council of California, Sacramento Superior Court, Patricia C. Esgro. (slh, COURT STAFF) (Filed on 1/3/2007) (Entered: 01/05/2007) |
| --- | --- | --- |
| 01/19/2007 | 5 | MOTION to Dismiss or, in the alternative, MOTION to Transfer Venue filed by Judicial Council of California, Sacramento Superior Court, Patricia C. Esgro. Motion Hearing set for 3/6/2007 09:30 AM. (slh, COURT STAFF) (Filed on 1/19/2007) (Entered: 01/22/2007) |
| 01/19/2007 | 6 | NOTICE of Related Cases C 04-3754 CW, C 04-4952 MJJ by Judicial Council of California, Sacramento Superior Court, Patricia C. Esgro (slh, COURT STAFF) (Filed on 1/19/2007) (Entered: 01/22/2007) |
| 01/23/2007 | 7 | Renoticed NOTICE OF MOTION AND MOTION to Dismiss or, in the alternative, MOTION to Transfer Venue filed by Judicial Council of California, Sacramento Superior Court, Patricia C. Esgro. Motion Hearing set for 3/6/2007 09:30 AM. (slh, COURT STAFF) (Filed on 1/23/2007) (Entered: 01/25/2007) |
| 01/23/2007 | 8 | MOTION to Dismiss or in the alternative, MOTION for More Definite Statement; Memorandum of Points and Authorities in Support filed by Robert W. Brannen, Deborah A. Correll, Farmers Insurance Exchange, James S. McWhorter. (slh, COURT STAFF) (Filed on 1/23/2007) (Entered: 01/25/2007) |
| 01/23/2007 | 9 | Request for Judicial Notice re 8 MOTION to Dismiss MOTION for More Definite Statement filed by Robert W. Brannen, Deborah A. Correll, Farmers Insurance Exchange, James S. McWhorter. (Related document(s) 8 ) (slh, COURT STAFF) (Filed on 1/23/2007) (Entered: 01/25/2007) |
| 01/26/2007 | 10 | ORDER RELATING CASE to C-04-03754-CW. Case reassigned to Judge Claudia Wilken for all further proceedings. Judge Martin J. Jenkins no longer assigned to the case.. Signed by Judge Claudia Wilken on 1/26/07. (cp, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/26/2007) |
| 01/30/2007 | 11 | MOTION to reverse the related case order filed by Gary Ervin. (cp, COURT STAFF) (Filed on 1/30/2007) (Entered: 01/31/2007) |
| 01/30/2007 | 12 | Declaration of Gary Ervin re return of summons, and appearance of all defendants filed byGary Ervin. (cp, COURT STAFF) (Filed on 1/30/2007) (Entered: 01/31/2007) |
| 02/01/2007 | 13 | NOTICE of Hearing on Motion 8 MOTION to Dismiss or in the alternative MOTION for More Definite Statement. Motion Hearing set for 3/23/2007 at 10:00 AM. (kc, COURT STAFF) (Filed on 2/1/2007) (Entered: 02/02/2007) |
| 02/05/2007 | 14 | Emergency REQUEST for Judicial Notice of related Ninth Circuit case by Gary Ervin. (kc, COURT STAFF) (Filed on 2/5/2007) (Entered: 02/06/2007) |

| 02/12/2007 | 15 | Memorandum in Opposition to plaintiff's motion to stay appellate proceedings filed byRobert W. Brannen, Deborah A. Correll, Farmers Insurance Exchange, James S. McWhorter. (cp, COURT STAFF) (Filed on 2/12/2007) (Entered: 02/14/2007) |
| 02/16/2007 | 16 | Further Request for Judicial Notice of Related Interim Order in the Ninth Circuit filed byGary Ervin. (kc, COURT STAFF) (Filed on 2/16/2007) (Entered: 02/16/2007) |
| 02/16/2007 | 17 | NOTICE by Gary Ervin of entry of Order 10 Relating Case (kc, COURT STAFF) (Filed on 2/16/2007) (Entered: 02/16/2007) |
| 02/20/2007 | 18 | Letter from Gary Ervin re emergency request for judicial notice of related case Sacramento Superior Court No. 06AS00387. (cp, COURT STAFF) (Filed on 2/20/2007) (Entered: 02/22/2007) |
| 03/02/2007 | 19 | CLERK'S NOTICE taking 7 , 8 motions under submission; vacating 3/23/07 hearing (cp, COURT STAFF) (Filed on 3/2/2007) (Entered: 03/05/2007) |
| 03/06/2007 |  | Received Document: Request for dismissal of second cause of action with prejudice by Gary Ervin. (cp, COURT STAFF) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/16/2007 | 20 | MEMORANDUM in Opposition to Judicial defendants' motion to dismiss or transfer filed byGary Ervin. (cp, COURT STAFF) (Filed on 3/16/2007) (Entered: 03/19/2007) |
| 03/22/2007 | 21 | Reply Memorandum re 7 MOTION to Dismiss MOTION to Transfer Case MOTION to Transfer Case filed byJudicial Council of California, Sacramento Superior Court, Patricia C. Esgro. (cp, COURT STAFF) (Filed on 3/22/2007) (Entered: 03/23/2007) |
| 04/27/2007 | 22 | Notice of Need for Mediation by Gary Ervin (cp, COURT STAFF) (Filed on 4/27/2007) (Entered: 05/01/2007) |
| 05/01/2007 |  | Per document # 22 CASE REFERRED to Mediation. (cmf, COURT STAFF) (Filed on 5/1/2007) (Entered: 05/01/2007) |
| 05/03/2007 | 23 | ADR Clerk's Notice Setting ADR Phone Conference on 5/15/2007 at 10:30 a.m. ADR Unit will initiate the call. (cmf, COURT STAFF) (Filed on 5/3/2007) (Entered: 05/03/2007) |
| 05/07/2007 | 24 | ADR Clerk's Notice: ADR Phone Conference scheduled for 5/15/2007 at 10:30 a.m. is postponed. (cmf, COURT STAFF) (Filed on 5/7/2007) (Entered: 05/07/2007) |
| 05/11/2007 | 25 | ORDER RE ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES: Case designated for electronic filing. Effective immediately all represented parties will e-file their submissions to the court. Represented parties will be required to serve paper copies by mail on unrepresented parties. Unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is |

https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?207902084886216-...

| | | obtained from the assigned judge. Signed by Chief Judge Vaughn Walker dated 5/11/07. Copy mailed to counsel of record. (cp, COURT STAFF) (Filed on 5/11/2007) (Entered: 05/17/2007) |
| 05/18/2007 | 26 | ORDER by Judge Claudia Wilken granting 7 8 Defendants' Motions to Dismiss (scc, COURT STAFF) (Filed on 5/18/2007) (Entered: 05/18/2007) |
| 05/18/2007 | 27 | ORDER by Judge Claudia Wilken denying 11 Motion to reverse the related case order (scc, COURT STAFF) (Filed on 5/18/2007) (Entered: 05/18/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/10/2008 12:41:41 | | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:06-cv-07479-CW |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

2/10/2008 12:42 PM

CIVIL, CLOSED, PRO_SE

# U.S. District Court
# Eastern District of California - Live System (Sacramento)
# CIVIL DOCKET FOR CASE #: 2:05-cv-00701-MCE-DAD

(PS) Ervin v. Farmers Insurance Exchange et al
Assigned to: Judge Morrison C. England, Jr
Referred to: Magistrate Judge Dale A. Drozd
Demand: $1,000,000
Case in other court: 06-15357
Cause: 42:12101 Americans with Disabilities Act

Date Filed: 04/11/2005
Date Terminated: 11/09/2005
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Gary Ervin**                          represented by **Gary Ervin**
                                        4977 Hillhurst Drive
                                        Fair Oaks, CA 95628
                                        (916) 962-2837
                                        PRO SE

V.

**Defendant**

**Farmers Insurance Exchange**          represented by **David B. Owen**
                                        Nemecek and Cole
                                        15260 Ventura Boulevard
                                        Suite 920
                                        Sherman Oaks, CA 91403
                                        818-788-9500
                                        Fax: 818-501-0328
                                        Email: dowen@nemecek-cole.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Brannen**                      represented by **David B. Owen**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**James S. McWhorter**                  represented by **David B. Owen**
                                        (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deborah Correll**                represented by **David B. Owen**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2005 | 1 | COMPLAINT against Farmers Insurance Exchange, Robert Brannen, James S. McWhorter, Deborah Correll, filed by Gary Ervin. (Attachments: # 1 Civil Cover Sheet)(Krueger, M) (Entered: 04/11/2005) |
| 04/11/2005 | 2 | CIVIL NEW CASE DOCUMENTS ISSUED; (Krueger, M) (Entered: 04/11/2005) |
| 04/11/2005 | | RECEIPT number 205 8384 for $250.00 for Civil Filing Fee from Gary Ervin. (Krueger, M) (Entered: 04/11/2005) |
| 04/13/2005 | 3 | ORDER by Magistrate Judge Dale A. Drozd ordering a status (pretrial scheduling) conference is set for 8/12/2005 at 11:00 AM in Courtroom 27 (DAD) before Magistrate Judge Dale A. Drozd. The parties shall submit to the court, no later than 7 days before the status (pretrial scheduling) conference, a status report. The clerk of the court shall send plaintiff, along with this order, the appropriate number of copies of the form "Consent to Proceed Before United States Magistrate Judge." Plaintiff shall serve each defendant with a copy of this form. (5 consent forms sent to plaintiff in paper format.) Signed by Judge Dale A. Drozd on 04/12/05. (Plummer, M) (Entered: 04/13/2005) |
| 04/14/2005 | 4 | NOTICE of RELATED CASE 2:05-cv-269 by plaintiff Gary Ervin. (Plummer, M) (Entered: 04/15/2005) |
| 04/25/2005 | 5 | SUMMONS RETURNED EXECUTED by Gary Ervin. Farmers Insurance Exchange served on 4/15/2005; Robert Brannen served on 4/15/2005; James S. McWhorter served on 4/15/2005; Deborah Correll served on 4/15/2005. (Plummer, M) (Entered: 04/26/2005) |
| 04/29/2005 | 6 | AMENDED COMPLAINT against defendants Farmers Insurance Exchange, Robert Brannen, James S. McWhorter and Deborah Correll, filed by plaintiff Gary Ervin.(Plummer, M) (Entered: 05/02/2005) |
| 05/09/2005 | 7 | NON-RELATED CASE ORDER signed by Judge Gregory G. Hollows on 5/6/05 declining to reassign and relate case 2:05cv704 MCE DAD PS to case 2:05cv269 LKK GGH PS.(Dotson, B) (Entered: 05/09/2005) |
| 05/10/2005 | 8 | (NO MOTION IMAGE ATTACHED) MOTION to DISMISS by Robert Brannen. Motion Hearing set for 6/10/2005 at 10:00 AM in Courtroom 27 |

| | | |
|---|---|---|
| | | (DAD) before Magistrate Judge Dale A. Drozd. (Owen, David) Modified on 5/11/2005 (Plummer, M). (Entered: 05/10/2005) |
| 05/10/2005 | 9 | CLERK'S NOTICE of DOCKET CORRECTION re 8 MOTION to DISMISS. The image of this document is not a motion to dismiss. This appears to be an e-mail message and not a legal pleading. (Plummer, M) (Entered: 05/11/2005) |
| 05/16/2005 | 10 | MOTION to DISMISS by Robert Brannen, James S. McWhorter, Deborah Correll. Motion Hearing set for 6/10/2005 at 10:00 AM in Courtroom 27 (DAD) before Magistrate Judge Dale A. Drozd. (Owen, David) (Entered: 05/16/2005) |
| 05/17/2005 | 11 | Amended MOTION to DISMISS by Robert Brannen, James S. McWhorter, Deborah Correll. Motion Hearing set for 6/17/2005 at 10:00 AM in Courtroom 27 (DAD) before Magistrate Judge Dale A. Drozd. (Owen, David) Modified on 5/18/2005 (Waggoner, D). (Entered: 05/17/2005) |
| 05/31/2005 | 12 | REQUEST for JUDICIAL NOTICE by plaintiff Gary Ervin, objections to defendants' requests for judicial notice and memorandum of points and authorities. (Plummer, M) (Entered: 06/01/2005) |
| 06/17/2005 | 13 | MINUTES for proceedings held before Judge Dale A. Drozd : MOTION HEARING held on 6/17/2005 re 11 MOTION TO DISMISS filed by Robert Brannen. After hearing of arguments, for reasons stated on the record, matter submitted. Court to issue written findings and recommendations. Plaintiffs Counsel Gary Ervin, pro se, present. Defendants Counsel David Owen present. Court Reporter/CD Number: 1. (Buzo, P) (Entered: 06/17/2005) |
| 07/15/2005 | 14 | REQUEST to Enter Default and Supporting Declaration by Gary Ervin. (Sherman, T) (Entered: 07/18/2005) |
| 07/18/2005 | 15 | CERTIFICATE of SERVICE by Gary Ervin re 14 Application/Request. (Plummer, M) (Entered: 07/19/2005) |
| 07/21/2005 | 16 | OBJECTIONS by Defendant Robert Brannen to Plaintiff's Request to Enter Default. (Owen, David) (Entered: 07/21/2005) |
| 07/25/2005 | 17 | STATUS REPORT by Gary Ervin. (Carlos, K) (Entered: 07/26/2005) |
| 08/04/2005 | 18 | MINUTE ORDER: by Crd Status (Pretrial Scheduling) Conference RESET for 8/19/2005 at 11:00 AM in Courtroom 27 (DAD) before Magistrate Judge Dale A. Drozd.(Buzo, P) (Entered: 08/04/2005) |
| 08/04/2005 | | SERVICE BY MAIL: 18 Minute Order served on Gary Ervin (Buzo, P) (Entered: 08/04/2005) |
| 08/05/2005 | 19 | REPLY by Gary Ervin to 16 Objections to plaintiff's request to enter default. (Kirkpatrick, S) (Entered: 08/08/2005) |

| 08/09/2005 | 20 | Clerk's ENTRY OF DEFAULT as to defendant Farmers Insurance Exchange. (Plummer, M) (Entered: 08/09/2005) |
|---|---|---|
| 08/09/2005 |  | SERVICE BY MAIL: 20 Clerk's Entry of Default served on Gary Ervin. (Plummer, M) (Entered: 08/09/2005) |
| 08/09/2005 | 21 | STATUS REPORT by Robert Brannen. (Owen, David) (Entered: 08/09/2005) |
| 08/10/2005 | 22 | AMENDED DOCUMENT by Robert Brannen. *Amended Proof of Service*. (Owen, David) (Entered: 08/10/2005) |
| 08/17/2005 | 23 | MOTION to SET ASIDE 20 Clerk's Entry of Default *Request to Set Aside Default* by Farmers Insurance Exchange. (Owen, David) (Entered: 08/17/2005) |
| 08/18/2005 | 24 | ORDER signed by Judge Dale A. Drozd on 8/18/05: the Status (Pretrial Scheduling) Conference set for 08/19/05, is VACATED and will be re-set if necessary following the resolution of defendants' motion; defendant Farmers Insurance Exchange 23 motion to set aside default is DENIED without prejudice to the re-noticing of the motion in accordance with the LRs. (Kirkpatrick, S) (Entered: 08/18/2005) |
| 08/18/2005 |  | SERVICE BY MAIL: 24 Order served on Gary Ervin (Kirkpatrick, S) (TEXT ONLY ENTRY) (Entered: 08/18/2005) |
| 08/24/2005 | 25 | MOTION to SET ASIDE *ENTRY OF DEFAULT* by Farmers Insurance Exchange. Motion Hearing set for 10/7/2005 at 10:00 AM in Courtroom 27 (DAD) before Magistrate Judge Dale A. Drozd. (Owen, David) Modified on 11/9/2005 (Krueger, M). (Entered: 08/24/2005) |
| 09/07/2005 | 26 | REQUEST for the Honorable Dale A. Drozd to appoint himself settlement judge by court order pursuant to stipulation of attorney defendants and plaintiff by plaintiff Gary Ervin. (Plummer, M) (Entered: 09/08/2005) |
| 09/07/2005 | 27 | REQUEST for conversion of attorney defendant's FRCP 12(b)(6) motion into motion for summary judgment/adjudication of issues available to both attorney defendants and plaintiff by plaintiff Gary Ervin. (Plummer, M) (Entered: 09/08/2005) |
| 09/08/2005 | 28 | MINUTE ORDER: by Crd re 25 MOTION to SET ASIDE ENTRY OF DEFAULT:Motion Hearing continued to 10/14/2005 at 10:00 AM in Courtroom 27 (DAD) before Magistrate Judge Dale A. Drozd. (Buzo, P) (Entered: 09/08/2005) |
| 09/08/2005 |  | SERVICE BY MAIL: 28 Minute Order, Set/Reset Motion to Set Aside Entry of Default Hearing served on Gary Ervin (Buzo, P) (Entered: 09/08/2005) |
| 09/20/2005 | 29 | OBJECTIONS to Defendant's Evidence by Plaintiff Gary Ervin. (Sherman, T) (Entered: 09/21/2005) |

Live 3.1.2 CM/ECF - U.S. District Court for Eastern California          https://ecf.caed.uscourts.gov/cgi-bin/DktRpt.pl?382549574570845-...

| 09/20/2005 | 30 | RESPONSE in OPPOSITION regarding Dfts' 25 Motion to Set Aside Entry of Default by Gary Ervin. (Sherman, T) (Entered: 09/21/2005) |
| 10/07/2005 | 31 | REPLY/RESPONSE to objections to evidence by Robert Brannen. (Owen, David) (Entered: 10/07/2005) |
| 10/07/2005 | 32 | OBJECTIONS by Defendant Robert Brannen *to Declaration of Plaintiff.* (Owen, David) (Entered: 10/07/2005) |
| 10/14/2005 | 33 | MINUTES for proceedings held before Judge Dale A. Drozd : MOTION HEARING held on 10/14/2005 re 25 MOTION to SET ASIDE ENTRY OF DEFAULT filed by Farmers Insurance Exchange. After hearing of arguments, for reasons stated on the record, matter submitted. Court to issue written findings and recommendations. Plaintiffs Counsel Gary Ervin pro se present. Defendants Counsel David Owen present. Court Reporter/CD Number: Casey Forester/1. (Buzo, P) Modified on 11/9/2005 (Krueger, M). (Entered: 10/14/2005) |
| 10/19/2005 | 34 | FINDINGS and RECOMMENDATIONS signed by Judge Dale A. Drozd on 10/19/05 recommending that Defendant Farmers' motion to set aside entry of default be granted. Defendants' motion to dismiss for failure to state a claim be granted as to all defendants. Plaintiff's causes of action under the ADA be dismissed with prejudice. The remaining state law claims be dismissed without prejudice for lack of jurisdiction. Motions 11 , 25 referred to Judge Morrison C. England. (Plummer, M) (Entered: 10/19/2005) |
| 10/19/2005 | | SERVICE BY MAIL: 34 Findings and Recommendations, served on Gary Ervin. (Plummer, M) (Entered: 10/19/2005) |
| 10/31/2005 | 35 | OBJECTIONS to Magistrate Judge's 34 FINDINGS and RECOMMENDATIONS by plaintiff Gary Ervin. (Plummer, M) (Entered: 11/01/2005) |
| 10/31/2005 | 36 | REQUEST for JUDICIAL NOTICE accompanying objections to Magistrate Judge's findings and recommendations by plaintiff Gary Ervin. (Plummer, M) (Entered: 11/01/2005) |
| 10/31/2005 | 37 | REQUEST to permit filing amended complaint accompanying objections to Magistrate Judge's findings and recommendations by plaintiff Gary Ervin. (Plummer, M) (Entered: 11/01/2005) |
| 11/09/2005 | 38 | ORDER signed by Judge Morrison C. England Jr. on 11/8/05 ORDERING the F/Rs 34 ADOPTED in full. Dft Framers' Motion to Set Aside Entry of Default 25 is GRANTED; Dfts' Motion to Dismiss fo failure to state a claim 11 is GRANTED as to all Defendants; Pltf's causes of action under the ADA are DISMISSED with prejudice. The remaining state law claims are DISMISSED without prejudice for lack of jurisdiction. CASE CLOSED. (Krueger, M) (Entered: 11/09/2005) |
| 11/09/2005 | 39 | JUDGMENT dated *11/9/05* is hereby entered in favor of Defendants against Plaintiff in accordance with the Court Order by Judge Morrison C. |

| | | |
|---|---|---|
| | | England Jr. (Krueger, M) (Entered: 11/09/2005) |
| 11/09/2005 | | SERVICE BY MAIL: 39 Judgment, and 38 Order served on Gary Ervin. (Krueger, M) (Entered: 11/09/2005) |
| 11/21/2005 | 40 | MOTION for relief under FRCP 52(b) by Gary Ervin, Motion Hearing set for 1/9/2006 at 09:00 AM in Courtroom 3 (MCE) before Judge Morrison C. England Jr.. (Kirkpatrick, S) (Entered: 11/23/2005) |
| 11/21/2005 | 41 | MOTION for relief under FRCP 59 by Gary Ervin, Motion Hearing set for 1/9/2006 at 09:00 AM in Courtroom 3 (MCE) before Judge Morrison C. England Jr.. (Kirkpatrick, S) (Entered: 11/23/2005) |
| 11/21/2005 | 42 | MOTION for relief under FRCP 60(b) by Gary Ervin, Motion Hearing set for 1/9/2006 at 09:00 AM in Courtroom 3 (MCE) before Judge Morrison C. England Jr.. (Kirkpatrick, S) (Entered: 11/23/2005) |
| 12/22/2005 | 43 | MEMORANDUM/RESPONSE in OPPOSITION *to Motion for Relief and Request for Judicial Notice.* (Owen, David) (Entered: 12/22/2005) |
| 12/30/2005 | 44 | REPLY by Gary Ervin re 42 MOTION for relief under FRCP 60(b). (Donati, J) (Entered: 01/03/2006) |
| 12/30/2005 | 45 | REPLY by Gary Ervin 41 MOTION for relief under FRCP 59. (Donati, J) (Entered: 01/03/2006) |
| 12/30/2005 | 46 | REPLY by Gary Ervin re 40 MOTION for relief under FRCP 52(b). (Donati, J) (Entered: 01/03/2006) |
| 01/05/2006 | 47 | MINUTE ORDER: (TEXT ONLY ENTRY) Plaintiff's 40 41 42 Motions for Relief, scheduled for hearing on 1/9/06, are submitted without oral argument pursuant to Local Rule 78-230(h). If the court determines that oral argument is needed, it will be scheduled at a later date. Approved by Judge Morrison C. England Jr. on 1/5/06. (Souvannarath, A) (Entered: 01/05/2006) |
| 01/05/2006 | | SERVICE BY MAIL: 47 Minute Order served on Gary Ervin (Souvannarath, A) (Entered: 01/05/2006) |
| 01/23/2006 | 48 | ORDER signed by Judge Morrison C. England Jr. on 1/20/06 ORDERING Pltf's Motion for relief under FRCP 52(b) 40 , Motion for relief under FRCP 59 41 , and Motion for relief under FRCP 60(b) 42 are DENIED. (Krueger, M) (Entered: 01/23/2006) |
| 01/23/2006 | | SERVICE BY MAIL: 48 Order served on Gary Ervin. (Krueger, M) (Entered: 01/23/2006) |
| 02/22/2006 | 49 | USCA APPEAL FEES received of *$ 255* receipt number 204 10635 from Gary Ervin on *2/22/06* (Caspar, M) (Entered: 02/22/2006) |
| 02/22/2006 | 50 | NOTICE of APPEAL by Gary Ervin as to 39 Judgment and 38 Order Dismissing Case.(Kirkpatrick, S) (Entered: 02/23/2006) |

| 02/24/2006 | 51 | APPEAL PROCESSED to Ninth Circuit re 50 Notice of Appeal filed by Gary Ervin,. Filed dates for Notice of Appeal *2/22/2006*, Complaint *4/11/2005* and Appealed Order / Judgment *11/9/2005*. Court Reporter: *C. Forester*. *Fee Status: Paid on 2/22/2006 in the amount of $255.00* ** (Attachments: # 1 Appeal Notice) (Kirkpatrick, S) (Entered: 02/24/2006) |
| --- | --- | --- |
| 02/24/2006 | | SERVICE BY MAIL: 51 Appeal Processed to USCA, served on all parties and the USCA. (Kirkpatrick, S) (Entered: 02/24/2006) |
| 03/06/2006 | 52 | USCA CASE NUMBER 06-15357 for 50 Notice of Appeal filed by Gary Ervin. (Matson, R) (Entered: 03/07/2006) |
| 03/21/2006 | 53 | TRANSCRIPT DESIGNATION by Gary Ervin, pltf does not intend to designate any portion of the transcript. (Kirkpatrick, S) Modified on 3/22/2006 (Kirkpatrick, S). (Entered: 03/22/2006) |
| 04/11/2006 | 54 | TRANSCRIPT REQUEST by Farmers Insurance Exchange (Owen, David) (Entered: 04/11/2006) |
| 04/11/2006 | 55 | REQUEST for *Reporter's Transcript* by Farmers Insurance Exchange re 54 Transcript Designation & Ordering Form filed by Farmers Insurance Exchange,.. (Owen, David) (Entered: 04/11/2006) |
| 04/19/2006 | 56 | OPPOSITION by Plaintiff Gary Ervin to 54 , 55 Appellee's request for reporter's transcript on appeal. (Reader, L) (Entered: 04/20/2006) |
| 05/10/2006 | 57 | TRANSCRIPT of Motion Hearing held on 6/17/2005 before the Honorable Dale A. Drozd. (TEXT ONLY - Maintained on Paper) (Forester, C) (Entered: 05/15/2006) |
| 05/15/2006 | 58 | CERTIFICATE of RECORD transmitted to Ninth Circuit re 50 Notice of Appeal filed by Gary Ervin. (Forester, C) (Entered: 05/15/2006) |
| 05/15/2006 | | SERVICE BY MAIL: 58 Certificate of Record served on USCA and Gary Ervin. (Forester, C) (Entered: 05/15/2006) |
| 07/27/2006 | 59 | TRANSMITTED RECORD on APPEAL to USCA # *06-15357* re 50 Notice of Appeal. * #57 Transcript of proceedings on Dft Brannen's Motion to Dismiss 6/17/2005. Volumes of Expandable Folders: 1.* (Reader, L) (Entered: 07/27/2006) |
| 08/16/2006 | | RETURNED RECEIPT from the Ninth Circuit of Document #57 (one expando). (Krueger, M) (Entered: 08/17/2006) |
| 12/11/2006 | 60 | AMENDED NOTICE of APPEAL by Gary Ervin as to 48 Order. (Matson, R) (Forwarded to the Ninth Circuit) Modified on 1/29/2007 (Krueger, M). (Entered: 12/12/2006) |
| 03/26/2007 | 61 | USCA JUDGMENT as to 50 Notice of Appeal filed by Gary Ervin, Decision of the District Court is AFFIRMED. (Krueger, M) (Entered: 03/27/2007) |

| 07/16/2007 | 62 | APPEAL RECORD RETURNED: #57 Reporter's Transcript of Proceedings on Dft Brannen's Motion to Dismiss on 6/17/05. (Kastilahn, A) (Entered: 07/16/2007) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/10/2008 13:21:20 | | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:05-cv-00701-MCE-DAD |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

Docket Summary                                      http://pacer.ca9.uscourts.gov/cgi-bin/reports.pl?CASENUM=06-15...

Search for Case   View-Print Full Docket                                          Help

If you view the full docket online, you will be charged for 4 Pages     $ 0.32

# US Court of Appeals for the Ninth Circuit
## Case Summary

Court of Appeals Docket #: 06-15357                      Filed: 3/2/06
Nsuit: 3440  Other civil rights (Fed)
Ervin v. Farmers Insurance, et al
Appeal from: Eastern District of California (Sacramento)

Lower court information:
    District: 0972-2 : CV-05-00701-MCE-DAD
    presiding judge: Morrison C. England, Jr., District Judge

| | |
|---|---|
| 3/8/06 | Filed Gary Ervin's notice of non-designation of order of transcript. [06-15357] (kkw) |
| 5/17/06 | Filed certificate of record on appeal  RT filed in DC 6/17/05 [06-15357] (kkw) |
| 6/12/06 | Filed original and 7 copies Appellant Gary Ervin opening brief ( Informal: Yes) 6 pages ; served on 6/12/06 [06-15357] (kkw) |
| 7/10/06 | Filed original and 15 copies Aples' 's 28 pages brief, 1 vol. Exc.  ; served on 7/7/06  [06-15357] (kkw) |
| 7/24/06 | Calendar check performed [06-15357]. (th) |
| 7/31/06 | FILED CERTIFIED RECORD ON APPEAL: 1 TRANSCRIPT. [06-15357] (sd) |
| 12/19/06 | Filed Aples' mtn to dismiss Aplt's notice of amended notice of appeal  served on 12/15/06 MOATT. (kkw) |
| 12/27/06 | Filed Appellant Gary Ervin response opposing appellee's motion to dismiss Aplt's notice of amended appeal, request for judicial notice served on 12/27/06  MOATT. [06-15357] (kkw) |
| 1/3/07 | Filed Aples' rpy to Aplt's opposition to Aples' motion to dismiss  ;served on 1/2/07 MOATT. [06-15357] (kkw) |
| 2/20/07 | SUBMITTED TO SCREENING PANEL 443. ( Oral) [06-15357] [06-15357] (th) |
| 2/27/07 | FILED MEMORANDUM DISPOSITION: AFFIRMED ( Terminated on the Merits after Submission Without Oral Hearing; Affirmed; Written, Unsigned, Unpublished.  Robert R. BEEZER, Ferdinand F. FERNANDEZ,  M. M. McKEOWN ) FILED AND ENTERED JUDGMENT.   [06-15357] (kkw) |
| 3/8/07 | Filed Appellee Deborah A. Correll bill of costs, $126.10 served on 3/7/07 [06-15357] (kkw) |
| 3/21/07 | MANDATE ISSUED, costs taxed $126.10. [06-15357] (kkw) |

| PACER Service Center |
|---|
| Transaction Receipt |

http://pacer.ca9.uscourts.gov/cgi-bin/reports.pl?CASENUM=06-15...

| 02/10/2008 12:52:34 | | | |
|---|---|---|---|
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | dkt summary | **Case Number:** | 06-15357 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

2/10/2008 12:46 PM

CLOSED, PRO_SE

# U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:04-cv-02387-DFL-PAN

(PS) Ervin v. Virga, et al                    Date Filed: 11/08/2004
Assigned to: Chief Judge David F. Levi        Date Terminated: 11/09/2004
Referred to: Magistrate Judge Peter A. Nowinski   Jury Demand: None
Demand: $0                                    Nature of Suit: 440 Civil Rights: Other
Cause: 42:12101 Americans with Disabilities Act   Jurisdiction: Federal Question

**Plaintiff**

**Gary Ervin**                  represented by  **Gary Ervin**
                                                4977 Hillhurst Drive
                                                Fair Oaks, CA 95628
                                                PRO SE

V.

**Defendant**

**Michael G Virga**             represented by  **Tom Blake**
                                                Attorney General's Office, State of
                                                California
                                                455 Golden Gate Avenue, suite #11,000
                                                San Francisco, CA 94102
                                                (415) 703-5506
                                                Fax: (415) 703-5480
                                                Email: tom.blake@doj.ca.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Loren Eldon McMaster**        represented by  **Tom Blake**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Esther Elizabeth Castellanos**  represented by  **Tom Blake**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Sacramento Superior Court**                     represented by **Tom Blake**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2004 | 1 | ORIGINAL file, certified copy of transfer order and docket sheet received from USDC Northern District of CA C-04-3754 CW, assigned to Chief Judge David F. Levi, referred to Magistrate Judge Peter A. Nowinski (mdk) (Entered: 11/09/2004) |
| 11/08/2004 | 2 | ORDER REQUIRING TIMELY SERVICE AND JOINT STATUS REPORT by Magistrate Judge Peter A. Nowinski and informing the parties on the procedure to follow in pursuing this action (mdk) (Entered: 11/09/2004) |
| 11/08/2004 |  | LODGED request for dismissal without prejudice by plaintiff (mdk) (Entered: 11/09/2004) |
| 11/09/2004 | 3 | NOTICE (Request) by plaintiff for Dismissal of action dismissing case without prejudice (document also filed 11/4/04 in USDC - Northern District, Oakland division) (mm1) (Entered: 11/10/2004) |
| 12/23/2004 | 4 | ORDER by Peter A Nowinski Magistrate Judge ORDERING pursuant to plt's request [3-1] CASE DISMISSED without prejudice (cc: all counsel) (ndd) (Entered: 12/23/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/10/2008 13:08:56 | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:04-cv-02387-DFL-PAN |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

APPEAL, CIVIL, CLOSED, PRO_SE

# U.S. District Court
# Eastern District of California - Live System (Sacramento)
# CIVIL DOCKET FOR CASE #: 2:05-cv-00269-LKK-GGH

(PS)Ervin v. Judicial Council of California et al
Assigned to: Senior Judge Lawrence K. Karlton
Referred to: Magistrate Judge Gregory G. Hollows
Cause: 42:12101 Americans with Disabilities Act

Date Filed: 02/10/2005
Date Terminated: 09/12/2006
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Gary Ervin**                    represented by **Gary Ervin**
                                                4977 Hillhurst Drive
                                                Fair Oaks, CA 95628
                                                PRO SE


V.

**Defendant**

**Judicial Council of California**   represented by **Zackery Paul Morazzini**
*TERMINATED: 09/12/2006*                            California Attorney General's Office
                                                1300 I Street
                                                Sacramento, CA 94244-2550
                                                (916) 445-8226
                                                Fax: (916) 324-5567
                                                Email: Zackery.Morazzini@doj.ca.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


**Defendant**

**State Bar of California**       represented by **Mark A Torres-Gil**
*TERMINATED: 06/23/2005*                            State Bar of California
                                                Office of General Counsel
                                                180 Howard Street
                                                San Francisco, CA 94105-1639
                                                415-538-2339
                                                Email: mark.torresgil@calbar.ca.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


**Defendant**

Live 3.1.2 CM/ECF - U.S. District Court for Eastern California          https://ecf.caed.uscourts.gov/cgi-bin/DktRpt.pl?510936305404234-...

**Superior Court of California**          represented by  **Zackery Paul Morazzini**
*Sacramento County*                                      (See above for address)
*TERMINATED: 09/12/2006*                                 *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


**Defendant**

**Michael Gillis Virga**                  represented by  **Zackery Paul Morazzini**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


**Defendant**

**Thomas Martin Cecil**                   represented by  **Zackery Paul Morazzini**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


**Defendant**

**Loren Eldon McMaster**                  represented by  **Zackery Paul Morazzini**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


**Defendant**

**Esther Elizabeth Castellanos**          represented by  **Zackery Paul Morazzini**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 02/10/2005 | 1 | CASE TRANSFERRED IN from USDC Northern District of CA; Case Number C 04-4952 MJJ. Original file, certified copy of transfer order and docket sheet received., filed by Gary Ervin. (Attachments: # 1 part 1# 2 part 2# 3 part 3# 4 part 4)(Kirkpatrick, S) Modified on 2/10/2005 (Kirkpatrick, S). (Entered: 02/10/2005) |
| 02/10/2005 | 2 | CIVIL NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Kirkpatrick, S) (Entered: 02/10/2005) |
| 02/15/2005 | 3 | ORDER signed by Judge Gregory G. Hollows on 2/15/05 vacating Defendant State Bar?s December 14, 2004 motion to dismiss without prejudice to itslater renewal. Should the State Bar renew its motion, it shall file the motion in its entirety. (Dotson, B) (Entered: 02/15/2005) |
| 02/15/2005 | 4 | DECLINE to PROCEED BEFORE US MAGISTRATE JUDGE by Gary Ervin. (Dotson, B) (Entered: 02/16/2005) |

| 02/15/2005 | 5 | CERTIFICATE of SERVICE by Gary Ervin of 2 Civil New Case Documents for LKK served on atty Mark Torres. (Dotson, B) (Entered: 02/16/2005) |
| 02/15/2005 | 6 | CERTIFICATE of SERVICE by Gary Ervin of 2 Civil New Case Documents for LKK served on atty Zackery Morazinni. (Dotson, B) (Entered: 02/16/2005) |
| 02/28/2005 | 7 | MOTION to DISMISS *plaintiff's complaint for failure to state a claim* by State Bar of California. Motion Hearing set for 3/31/2005 at 10:00 AM in Courtroom 24 (GGH) before Magistrate Judge Gregory G. Hollows. (Attachments: # 1 Exhibit)(Torres-Gil, Mark) (Entered: 02/28/2005) |
| 03/09/2005 | 8 | OPPOSITION to 7 MOTION to DISMISS *plaintiff's complaint for failure to state a claim*. (Dotson, B) (Entered: 03/10/2005) |
| 03/09/2005 | 9 | MOTION for ENTRY of DEFAULT against all dfts by Gary Ervin. Motion Hearing set for 3/31/2005 at 10:00 AM in Courtroom 24 (GGH) before Magistrate Judge Gregory G. Hollows. (Dotson, B) (Entered: 03/10/2005) |
| 03/15/2005 | 10 | MOTION to DISMISS *Complaint* by Michael Gillis Virga, Thomas Martin Cecil, Loren Eldon McMaster, Esther Elizabeth Castellanos, Judicial Council of California, Superior Court of California. Motion Hearing set for 4/14/2005 at 10:00 AM in Courtroom 24 (GGH) before Magistrate Judge Gregory G. Hollows. (Morazzini, Zackery) (Entered: 03/15/2005) |
| 03/15/2005 | 11 | MEMORANDUM/RESPONSE in OPPOSITION re 9 MOTION for ENTRY of DEFAULT. (Morazzini, Zackery) (Entered: 03/15/2005) |
| 03/21/2005 | 12 | OPPOSITION by State Bar to pla's request for entry of default; joinder in dft Judicial Council's opposition to request for entry of default. (Torres-Gil, Mark) Modified on 3/22/2005 (Dotson, B). (Entered: 03/21/2005) |
| 03/21/2005 | 14 | REPLY to OPPOSITION to 9 pla's MOTION for ENTRY of DEFAULT. (Dotson, B) (Entered: 03/22/2005) |
| 03/21/2005 | 15 | REQUEST for judicial notce by Gary Ervin. (Dotson, B) (Entered: 03/22/2005) |
| 03/22/2005 | 13 | DOCUMENT DELETED from case: duplicate of "Defendant State Bar's Opposition to Plaintiff's Request for Entry of Default & Joinder in Defendant Judicial Council's Opposiiton to Request for Entry of Default." (Dotson, B) (Entered: 03/22/2005) |
| 03/23/2005 | 16 | REPLY to Plaintiff's Opposition to Motion to Dismiss by State Bar of California. (Torres-Gil, Mark) Modified on 3/24/2005 (Dotson, B). (Entered: 03/23/2005) |
| 03/25/2005 | 17 | ORDER signed by Judge Gregory G. Hollows on 3/25/05. The 3/31/05 hearing on State Bar's motion to dismiss and pla's request for entry of |

| | | |
|---|---|---|
| | | default is VACATED. The 4/14/05 hearing on dfts' motion to dismiss is VACATED. The parties may file opposition and reply to defendants' 3/15/05 motion to dismiss within the time allocated by the Local Rules, based upon the prior 4/14/05 hearing date. The motions will be submitted on the record after the time for response has expired.(Dotson, B) (Entered: 03/25/2005) |
| 03/28/2005 | 18 | PROPOSED ORDER TO SHOW CAUSE re preliminary injunction and TRO by Gary Ervin. (Dotson, B) (Entered: 03/29/2005) |
| 03/28/2005 | 19 | EX PARTE APPLICATION for TEMPORARY RESTRAINING ORDER by Gary Ervin. Memorandum of points and authorities. Certificate of notification. Motion Hearing set for 3/31/2005 at 10:00 AM in Courtroom 24 (GGH) before Magistrate Judge Gregory G. Hollows. (Dotson, B) (Entered: 03/29/2005) |
| 03/28/2005 | 20 | NOTICE addressed to Judge Lawrence K. Karlton of concern re Rex T. Kearney by Gary Ervin. (Dotson, B) (Entered: 03/29/2005) |
| 03/29/2005 | 21 | ORDER denying 19 Motion for TRO without prejudice to his filing aproperly noticed motion, complete with a declaration elucidating how defendants are acting to"collapse or mortally injure Plaintiff," signed by Judge Gregory G. Hollows on 3/29/05. The hearing set for March 31, 2005, is vacated. (Dotson, B) (Entered: 03/29/2005) |
| 03/29/2005 | 22 | FURTHER REQUEST for judicial notice for "State Bar motion originally scheduled for 3/31/05" by Gary Ervin. (Dotson, B) (Entered: 03/30/2005) |
| 03/29/2005 | 23 | FURTHER OBJECTIONS by Plaintiff Gary Ervin to State Bar motion originally scheduled for hearing 3/31/05. (Dotson, B) Modified on 3/30/2005 (Dotson, B). (Entered: 03/30/2005) |
| 03/31/2005 | 24 | OPPOSITION by pltf Gary Ervin to 10 MOTION to DISMISS. Memorandum of Points & Authorities. (Marciel, M) (Entered: 04/01/2005) |
| 03/31/2005 | 25 | OPPOSITION by pltf Gary Ervin to 10 MOTION to DISMISS. Request for Judicial Notice. (Marciel, M) (Entered: 04/01/2005) |
| 04/06/2005 | 26 | ORDER signed by Judge Lawrence K. Karlton on 4/5/05 re 20 Letter filed by Gary Ervin: The court declines to recuse itself. At best, the relationship was casual, and would in no way influence the case or this court's decision. (Duong, D) (Entered: 04/06/2005) |
| 04/06/2005 | 27 | REPLY to RESPONSE to MOTION re 10 MOTION to DISMISS *Complaint*. (Morazzini, Zackery) (Entered: 04/06/2005) |
| 04/06/2005 | 28 | MEMORANDUM/RESPONSE in OPPOSITION *to Request for Judicial Notice*. (Morazzini, Zackery) (Entered: 04/06/2005) |
| 04/14/2005 | 29 | NOTICE of RELATED CASE 2:05-cv-00701 by Gary Ervin. (Dotson, B) (Entered: 04/15/2005) |

| 04/29/2005 | 30 | REQUEST for to disregard request for TRO as moot and to proceed with the regular part of this case disposing of the current motions before the court and move toward a judgment by plaintiff Gary Ervin. (Plummer, M) (Entered: 05/02/2005) |
|---|---|---|
| 05/09/2005 | 31 | NON-RELATED CASE ORDER signed by Judge Gregory G. Hollows on 5/6/05 declining to reassign and relate case 2:05cv704 MCE DAD PS to case 2:05cv269 LKK GGH PS.(Dotson, B) (Entered: 05/09/2005) |
| 05/13/2005 | 32 | ORDER signed by Judge Gregory G. Hollows on 5/12/05 denying requests for judicial notice 8 , 15 , 22 , and 25 . FINDINGS AND RECOMMENDATIONS recommending that: 1) 7 Dft State Bar's motion to dismiss be granted, 2) 9 Pla's request for entry of default be denied, 3) 10 Motion to dismiss by dfts be granted, and 3) Pla be granted leave to amend against public entities on remote chance he will be able to state a claim against them.(Dotson, B) (Entered: 05/13/2005) |
| 05/23/2005 | 34 | NOTICE of VOLUNTARY DISMISSAL by Gary Ervin CASE CLOSED. (Girgis, C) (Entered: 05/24/2005) |
| 05/23/2005 | 35 | NOTICE OF ENTRY OF DISMISSAL by Gary Ervin. (Girgis, C) (Entered: 05/24/2005) |
| 05/23/2005 | 38 | REQUEST for district judge to retain sua sponte by Gary Ervin. (Marcotte, D) (Entered: 05/26/2005) |
| 05/24/2005 | 33 | ORDER signed by Judge Lawrence K. Karlton on 5/24/05. Plaintiff's 30 Request for District Judge to Retain Sua Sponte is DENIED. (Marciel, M) (Entered: 05/24/2005) |
| 05/24/2005 |  | SERVICE BY MAIL: 33 Order served on Gary Ervin. (Marciel, M) (Entered: 05/24/2005) |
| 05/24/2005 | 37 | CLERK'S NOTICE of DOCKET CORRECTION re 34 Notice of Voluntary Dismissal: Parties are notified that this case has been closed in error. Document #34 is a dismissal of party State Bar of California, not a dismissal of the case. This case is reopened. (Marcotte, D) (Entered: 05/24/2005) |
| 05/26/2005 | 39 | OBJECTIONS to Magistrate Court's 32 Findings and Recommendations, filed by Gary Ervin. (Servantes, G) (Entered: 05/27/2005) |
| 05/26/2005 | 40 | EXHIBITS and REQUEST for JUDICIAL NOTICE in re 39 Objections to Findings and Recommendations, filed by Gary Ervin. (Servantes, G) (Entered: 05/27/2005) |
| 06/23/2005 | 41 | ORDER dismissing State Bar of CA signed by Judge Gregory G. Hollows on 6/22/05. (Dotson, B) (Entered: 06/23/2005) |
| 06/23/2005 |  | SERVICE BY MAIL: 41 Order, Add and Terminate Parties served on Gary Ervin. (Dotson, B) (Entered: 06/23/2005) |

| 07/18/2005 | 42 | CERTIFICATE of SERVICE by Gary Ervin re 39 Objections to Findings and Recommendations, 40 Request for Judicial Notice (Kirkpatrick, S) (Entered: 07/19/2005) |
| --- | --- | --- |
| 08/15/2005 | 43 | ORDER ADOPTING FINDINGS and RECOMMENDATIONS in part signed by Judge Lawrence K. Karlton on 8/15/05 ORDERING that dft State Bar's motion to dismiss 7 is DENIED as moot. Plt's request for entry of default 9 is DENIED. Motion to dismiss 10 by dfts Judicial Council, Superior Court of Sacramento Court, Virga, Cecil, McMaster and Castellanos is GRANTED. Plt is granted leave to amend against the public entitites on the remove chance he will be able to state a claim against them. Plt shall file an amended complaint within 30 days of this order.(Duong, D) (Entered: 08/15/2005) |
| 08/15/2005 | | SERVICE BY MAIL: 43 Order Adopting Findings and Recommendations,, served on Gary Ervin .(Duong, D) (Entered: 08/15/2005) |
| 08/30/2005 | 44 | MOTION for RECONSIDERATION of 43 Order Adopting Findings and Recommendations by Gary Ervin and Request for stay of Order 8/15/05. (Duong, D) (Entered: 08/31/2005) |
| 02/27/2006 | 45 | ORDER signed by Judge Lawrence K. Karlton on 02/24/06 DENYING Pltf's 44 Motion for Reconsideration . (Brown, T) (Entered: 02/27/2006) |
| 02/27/2006 | | SERVICE BY MAIL: 45 Order on Motion for Reconsideration served on Gary Ervin. (Brown, T) (Entered: 02/27/2006) |
| 03/03/2006 | 46 | ORDER signed by Judge Gregory G. Hollows on 3/3/06. It is ordered that pla comply with 43 Order and file his amd cmp against the public entities within 30 days of this order. (Dotson, B) (Entered: 03/03/2006) |
| 03/03/2006 | | SERVICE BY MAIL: 46 Order served on Gary Ervin. (Dotson, B) (Entered: 03/03/2006) |
| 04/03/2006 | 47 | FIRST AMENDED COMPLAINT against all defendants filed by Gary Ervin.(Caspar, M) (Entered: 04/04/2006) |
| 04/20/2006 | 48 | DEFENDANT(S) MOTION to DISMISS *First Amended Complaint* by Michael Gillis Virga, Thomas Martin Cecil, Loren Eldon McMaster, Esther Elizabeth Castellanos, Judicial Council of California, Superior Court of California. Motion Hearing set for 5/25/2006 at 10:00 AM in Courtroom 24 (GGH) before Magistrate Judge Gregory G. Hollows. (Morazzini, Zackery) (Entered: 04/20/2006) |
| 05/11/2006 | 50 | OPPOSITION to defendants' 48 motion to dismiss(Caspar, M) (Entered: 05/12/2006) |
| 05/19/2006 | 51 | ORDER signed by Judge Gregory G. Hollows on 5/19/06 ORDERING that the 5/25/06 hearing on the 4/20/06 48 motion to dismiss is VACATED and the motion is submitted on the record. (Caspar, M) (Entered: 05/19/2006) |

| | | |
|---|---|---|
| 05/19/2006 | | SERVICE BY MAIL: 51 Order served on Gary Ervin (Caspar, M) (Entered: 05/19/2006) |
| 06/26/2006 | 52 | FINDINGS and RECOMMENDATIONS signed by Judge Gregory G. Hollows on 6/26/06 recommending that defendants' 4/20/06 48 motion to dismiss be dismissed as moot (dismissal already ordered); defendants Judicial Council and Superior Court of California, County of Sacramento, be dismissed with prejudice; this action be terminated. Objections to F&R due within 10 days.(Caspar, M) (Entered: 06/26/2006) |
| 06/26/2006 | | SERVICE BY MAIL: 52 Findings and Recommendations served on Gary Ervin (Caspar, M) (Entered: 06/26/2006) |
| 07/14/2006 | 53 | OBJECTIONS to FINDINGS and RECOMMENDATIONS 52 by Plaintiff Gary Ervin. (Attachments: # 1 Judicial Notice# 2 Objection re: Dismissed State Bar# 3 Judicial Notice re: Dismissed State Bar# 4 Certificate of Service)(Donati, J) (Entered: 07/17/2006) |
| 07/17/2006 | 54 | OBJECTIONS to FINDINGS and RECOMMENDATIONS 52 by plaintiff Gary Ervin. (Marciel, M) (Entered: 07/18/2006) |
| 07/17/2006 | 55 | REQUEST for JUDICIAL NOTICE by plaintiff Gary Ervin accompanying 54 Objections to Findings and Recommendations. (Marciel, M) (Entered: 07/18/2006) |
| 07/17/2006 | 56 | OBJECTIONS to 52 Findings and Recommendations re dismissed state bar by plaintiff Gary Ervin. (Marciel, M) (Entered: 07/18/2006) |
| 07/17/2006 | 57 | REQUEST for JUDICIAL NOTICE by Gary Ervin accompanying 56 Objections to F/Rs. (Marciel, M) (Entered: 07/18/2006) |
| 07/17/2006 | 58 | PROOF of SERVICE by plaintiff Gary Ervin: 55 Request for Judicial Notice, 54 Objections to Findings and Recommendations, 57 Request for Judicial Notice, 56 Objections. (Marciel, M) (Entered: 07/18/2006) |
| 09/12/2006 | 59 | ORDER ADOPTING FINDINGS and RECOMMENDATIONS 52 signed by Judge Lawrence K. Karlton on 09/11/06 ORDERING that the motion to dismiss 48 is dismissed as moot. Dfts Judicial Counsel and Superior court of CA, County of Sacramento, is dismissed with prejudice. This action is terminated. CASE CLOSED.(Duong, D) (Entered: 09/12/2006) |
| 09/12/2006 | 60 | JUDGMENT dated *09/12/06* entered pursuant to court's order signed by Judge Lawrence K. Karlton on 09/11/06. (Duong, D) (Entered: 09/12/2006) |
| 09/12/2006 | | SERVICE BY MAIL: 60 Judgment and 59 Order Adopting Findings and Recommendations served on Gary Ervin. (Duong, D) (Entered: 09/12/2006) |
| 09/26/2006 | 61 | REQUEST (entitled motion) for relief under FRCP 52(b) and 60(b); request for judicial notice; declaration and memorandum of points and authorities in support thereof by Gary Ervin. (Caspar, M) (Entered: 09/27/2006) |

| | | |
|---|---|---|
| 11/16/2006 | 62 | ORDER signed by Judge Lawrence K. Karlton on 11/16/06 ORDERING that plt's motion for relief under FRCP 52(b) and 60 (b) 61 is DENIED. The hearing set for 12/1/06 is accordingly VACATED.(Duong, D) (Entered: 11/16/2006) |
| 11/16/2006 | | SERVICE BY MAIL: 62 Order served on Gary Ervin. (Duong, D) (Entered: 11/16/2006) |
| 12/18/2006 | | RECEIPT number 204 12615 for $455.00 for Appeal Fee from Gary Ervin. (Matson, R) (Entered: 12/18/2006) |
| 12/18/2006 | 63 | NOTICE of APPEAL by Gary Ervin as to 60 Judgment. Receipt (12615) attached for fee paid in full. (Manzer, C) (Entered: 12/19/2006) |
| 12/19/2006 | 64 | APPEAL PROCESSED to Ninth Circuit re 63 Notice of Appeal filed by Gary Ervin,. Filed dates for Notice of Appeal *12/18/2006*, Complaint *11/22/2004* and Appealed Order / Judgment *9/12/2006*. Court Reporter: *n/a*. *Fee Status: Paid on 12/18/2006 in the amount of $455.00* ** (Attachments: # 1 Appeal Notice # 2 Certificate) (Manzer, C) (Entered: 12/19/2006) |
| 12/19/2006 | | SERVICE BY MAIL: 64 Appeal Processed to USCA, served on Gary Ervin (Manzer, C) (Entered: 12/19/2006) |
| 12/28/2006 | 65 | USCA CASE NUMBER 06-17374 (Manzer, C) (Entered: 12/29/2006) |
| 09/06/2007 | 66 | TRANSMITTED RECORD on APPEAL to USCA # *06-17374* re 63 Notice of Appeal. *Electronic Documents: 1 to 65.* (Mena-Sanchez, L) (Entered: 09/06/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/10/2008 13:09:57 | | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:05-cv-00269-LKK-GGH |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

Docket Summary                                    http://pacer.ca9.uscourts.gov/cgi-bin/reports.pl?CASENUM=06-17...

Search for Case    View-Print Full Docket                                                             Help

If you view the full docket online, you will be charged for 4 Pages    $ 0.32

# US Court of Appeals for the Ninth Circuit
# Case Summary

Court of Appeals Docket #: 06-17374                          Filed: 12/26/06
Nsuit: 3440  Other civil rights (Fed)
Ervin v. Judical Council, et al
Appeal from: Eastern District of California (Sacramento)

Lower court information:
    District: 0972-2 : CV-05-00269-LKK
    presiding judge: Lawrence K. Karlton, Senior Judge

| | |
|---|---|
| 1/16/07 | Filed Appellant Gary Ervin's motion to stay aplt proceedings for 6 mos based on settlement negotiations served on 1/12/07 PROMO [06-17374] (crw) |
| 2/5/07 | Filed order (Appellate Commissioner) Within 14 days after the date of this order, aples shall file a response to the aplts mtn to stay aplt proceedings, filed 1/16/07. The br sch is stayed pending a ruling on the mtn. ( PROMO/gs) [06-17374] (crw) |
| 2/20/07 | Filed aples response opposing appellant's motion to stay appeal, served on 2/16/07  PROMO [06-17374] (crw) |
| 2/20/07 | Filed Appellant Gary Ervin reply to opp to mtn to stay aplt proceedings.. ;served on 2/18/07 PROMO [06-17374] (crw) |
| 3/14/07 | Filed order (Appellate Commissioner) The aples have filed an opp to the aplts mtn to stay proceedings. The aplts opposed mtn to stay is denied. The opn br i sdue 4/9/07, the ans br is due 5/9/07 and the opt rpy br is due 14 days from svc of the ans br. ( PROMO/gs) [06-17374] (crw) |
| 4/10/07 | Filed original and 7 copies Appellant Gary Ervin opening brief ( Informal: yes) 14 pages ; served on 4/9/07 [06-17374] (crw) |
| 4/27/07 | 14 day oral extension by phone of time to file 's brief. [06-17374] appellees' brief due 5/23/07; the optional reply brief is due 14 days... (king) |
| 5/24/07 | Filed original and 15 copies Appellee Judical Council, Appellee State Bar of Ca., Appellee Superior Court of Ca brief, 24 pages, 5 suppl Exc.in 1  vol: served on 5/23/07 minor defcy: lacks Statement rel Cases Notified counsel. [06-17374] record on appeal due 6/11/07; (gar) |
| 5/31/07 | Received aples satisfaction of (minor) brief deficiency. (stmt of rel cases) [06-17374] (crw) |
| 6/7/07 | Filed original and 7 copies of Gary Ervin's reply brief (Informal: yes) 7 pages; served on 6/6/07. [06-17374] (lee) |
| 8/30/07 | Calendar check performed [06-17374] (th) |

## PACER Service Center

Docket Summary

| Transaction Receipt | | | |
|---|---|---|---|
| 02/10/2008 12:54:25 | | | |
| **PACER Login:** | ca0858 | **Client Code:** | |
| **Description:** | dkt summary | **Case Number:** | 06-17374 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**EXHIBIT C**

1  JONATHAN B. COLE (70460)
    DAVID B. OWEN (150458)
2  NEMECEK & COLE
    A Professional Corporation
3  15260 Ventura Boulevard, Suite 920
    Sherman Oaks, California 91403-5399
4  (818)788-9500 Tel. / (818)501-0328 Fax

5  Attorneys for Defendants
    FARMERS INSURANCE EXCHANGE;
6  ROBERT W. BRANNEN; JAMES S. McWORTER;
    and DEBORAH A. CORRELL

7

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF SACRAMENTO

11

| | |
|---|---|
| 12  GARY ERVIN, | Case No.: 06AS00387 |
| 13 | [Assigned to the Hon. Patricia C. Esgro in Department 13] |
|        Plaintiff, | |
| 14 | |
|     -vs- | NOTICE OF MOTION AND MOTION FOR |
| 15 | ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR |
| 16  FARMERS INSURANCE EXCHANGE; ROBERT W. BRANNEN; JAMES S. | PREFILING ORDER PROHIBITING PLAINTIFF FROM FILING NEW |
| 17  McWORTER, DEBORAH A. CORRELL and DOES 1 to 4, | LITIGATION IN PROPRIA PERSONA; MEMORANDUM OF POINTS AND |
| 18 | AUTHORITIES; DECLARATION OF DAVID B. OWEN IN SUPPORT THEREOF |
|        Defendants. | |
| 19 | |
| 20 | (Filed Concurrently with Request for Judicial Notice) |
| 21 | |
| 22 | Judge: Hon. Patricia C. Esgro |
| 23 | Date:  January 5, 2007<br>Time:  10:00 AM<br>Dept.  13 |
| 24 | Complaint Filed:    January 30, 2006 |
| 25 | Trial Date:        None Set |

26  TO PLAINTIFF GARY ERVIN IN PROPRIA PERSONA:

27      PLEASE TAKE NOTICE that on January 5, 2007, at 10:00 a.m., or as soon thereafter as the

28  matter be heard, in Department 13 of the above-entitled court, located at 720 Ninth Street, Sacramento,

-1-

NEMECEK & COLE<br>A PROFESSIONAL CORPORATION<br>15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344<br>TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1  California, 95814, Defendants FARMERS INSURANCE EXCHANGE, ROBERT W. BRANNEN,

2  JAMES S. McWORTER, and DEBORAH A. CORRELL (collectively "Defendants") will, and hereby

3  do, move for an order declaring Plaintiff GARY ERVIN ("plaintiff") a vexatious litigant within the

4  meaning of Code of Civil Procedure § 391(b) and for an order prohibiting plaintiff from filing any new

5  litigation in propria persona without first obtaining leave from the presiding judge of the court in which

6  the litigation is proposed to be filed.

7          This motion is made pursuant to Code of Civil Procedure § 391.7(a) on the ground that plaintiff

8  is a vexatious litigant within the meaning of Code of Civil Procedure § 391(b).

9          This motion is based on this notice of motion, the attached memorandum of points and authorities,

10  the attached Declaration of David B. Owen, the request for judicial notice filed concurrently herewith,

11  the records on file with the court, and upon such further oral or documentary evidence submitted at or

12  before the hearing on this matter.

13

14  Dated: November 30, 2006                          NEMECEK & COLE

15

16                                      By:
                                            DAVID B. OWEN
17                                          Attorneys for Defendants
                                            FARMERS INSURANCE EXCHANGE;
18                                          ROBERT W. BRANNEN; JAMES S.
                                            McWORTER; and DEBORAH A. CORRELL
19

20

21

22

23

24

25

26

27

28

874061P.11 Vexatious.wpd        DEFENDANTS' NOTICE OF MOTION AND MOTION TO DEEM PLAINTIFF A VEXATIOUS, ETC.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  **1.    INTRODUCTION**

3       The vexatious litigant statutes are aimed specifically at litigants, such as plaintiff, who vexatiously

4  bring actions in propria persona.  By this motion, Defendants ask the court to apply the vexatious litigant

5  statutes to plaintiff by ordering that plaintiff is a vexatious litigant within the meaning of <u>Code of Civil</u>

6  <u>Procedure</u> § 391(b)(2) and (3) and that plaintiff is prohibited from filing any new litigation in propria

7  persona without court permission pursuant to <u>Code of Civil Procedure</u> § 391.7.

8       As established below, plaintiff is a vexatious litigant acting in propria persona within the meaning

9  of <u>Code of Civil Procedure</u> § 391(b)(2) and (3), who filed this action vexatiously against Defendants.

10  This is now the third action that plaintiff has filed against these same Defendants based on the same

11  issues and facts.  Moreover, in this action alone, plaintiff has filed <u>three</u> frivolous motions to change

12  venue and has repeatedly filed frivolous motions attacking the court's case assignment and the court's

13  ability to rule on Defendant's demurrer, all of which have caused unnecessary delay.  Accordingly, the

14  court should issue an order declaring plaintiff a vexatious litigant and prohibit him from filing any new

15  litigation in propria persona without court permission.

16  **2.    PLAINTIFF IS A VEXATIOUS LITIGANT**

17       **A.    Plaintiff Is A Vexatious Litigant Under Code of Civil Procedure § 391(b)(2)**

18       <u>Code of Civil Procedure</u> § 391(b) specifies the situations that result in a person being a vexatious

19  litigant.  Under <u>Code of Civil Procedure</u> § 391(b)(2), a "vexatious litigant" includes any person who does

20  the following:

21       "After a litigation has been finally determined against the person, repeatedly relitigates or

22       attempts to relitigate, in propria persona, either (i) the validity of the determination against

23       the same defendant or defendants as to whom the litigation was finally determined or (ii)

24       the cause of action, claim, controversy, or any of the issues of fact or law, determined or

25       concluded by the final determination against the same defendant or defendants as to whom

26       the litigation was finally determined."

27  (Code Civ. Proc. § 391(b)(2).)  Thus, a person in propria persona who repeatedly relitigates, or attempts

28  to relitigate, any cause of action, claim, controversy, or any issue of fact or law determined or concluded

NEMECEK & COLE<br/>A PROFESSIONAL CORPORATION<br/>15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344<br/>TELEPHONE (818) 788-9500   FACSIMILE (818) 501-0328

–3–

1  by the final determination in the prior litigation against the same defendant or defendants is a vexatious

2  litigant under <u>Code of Civil Procedure</u> § 391(b)(2).

3      Notably, a "final determination" within the meaning of <u>Code of Civil Procedure</u> § 391(b)(2)

4  includes a voluntary dismissal without prejudice.  (<u>Tokerud v. CapitolBank Sacramento</u> (1995) 38

5  Cal.App.4th 775, 781; see <u>S. B. Beach Properties v. Berti</u> (2006) 39 Cal.4th 374, 382.)  A person who

6  repeatedly files frivolous actions only to dismiss them is no less vexatious than a person who follows a

7  frivolous action through completion.  (<u>Id.</u>, at 780.)  Therefore, a voluntary dismissal is prima facie proof

8  that the prior litigation was finally determined adversely to plaintiff.

9      Here, the evidence demonstrates that plaintiff is a vexatious litigant under <u>Code of Civil Procedure</u>

10  § 391(b)(2).  This is now the third action that plaintiff has filed against these same Defendants based on

11  the exact same set of facts.  Initially, on March 1, 2005, plaintiff filed an action in Sacramento Superior

12  Court bearing Case No. 05AS00866 against these same Defendants.  That Complaint contained causes

13  of action for violation of Americans with Disabilities Act, concealment of facts, and legal malpractice

14  against the Attorney Defendants ("first action").  (Request for Judicial Notice ("RJN"), Exh. "A.")  In

15  response to the Complaint in the first action, Defendants demurred.  Prior to the hearing on the Demurrer,

16  plaintiff voluntarily dismissed this first action.  (RJN, Exh. "B.")

17      Subsequently, on April 11, 2005, plaintiff filed an identical action in the United States District

18  Court for the Eastern District of California bearing Case No. 05-CV-269 ("Federal Action").  (RJN, Exh.

19  "C.")  In response to the Federal Action Complaint, Defendants filed a Motion to Dismiss under <u>Federal</u>

20  <u>Rules of Civil Procedure</u> rule 12(b)(6).  The Motion was granted by the court on October 19, 2005.  (RJN,

21  Exh. "D.")  However, plaintiff recently filed an appeal from the judgment of dismissal entered in the

22  Federal Action and that appeal is currently still pending.  (RJN, Exh. "E.")

23      Now having dismissed his first action and then having lost the Federal Action in District Court,

24  plaintiff has filed the instant action which is virtually identical to his earlier two actions and based on the

25  same issues of fact and law.    Defendants demurred to the Complaint in the instant action, which was

26  sustained tentatively without leave to amend.  (RJN, Exh. "F.")  Based thereon, plaintiff is a vexatious

27  litigant within the meaning of <u>Code of Civil Procedure</u> § 391(b)(2), because he has repeatedly relitigated,

28  or attempted to relitigate, claims and issues of fact and law concluded by the final determination of the

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

-4-

1  initial action filed on March 1, 2005 against these same Defendants.

2  **B.    Plaintiff Is A Vexatious Litigant Under Code of Civil Procedure § 391(b)(3)**

3  A "vexatious litigant" also includes any person, while acting in propria persona, who "repeatedly

4  files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in

5  other tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc. §

6  391(b)(3).) As such, plaintiff may be a vexatious litigant if the court finds that he repeatedly filed

7  unmeritorious motions, pleadings, or other papers, or engaged in tactics that are frivolous or solely

8  intended to cause unnecessary delay in this action.

9  In this action, plaintiff's course of conduct establishes that he also is a vexatious litigant under

10  Code of Civil Procedure § 391(b)(3). To begin, plaintiff has repeatedly filed unmeritorious motions to

11  change venue. On or about May 8, 2006, plaintiff filed a Motion to Change Venue. (RJN, Exh. "G.")

12  On July 7, 2006, the motion was denied. (RJN, Exh. "H.") Nevertheless, on or about September 5, 2006,

13  plaintiff filed a second "Motion to Change Venue Based on New Facts." (RJN, Exh. "I.") On October

14  18, 2006, the second motion was denied. (RJN, Exh. "J.") Despite the motion having been denied twice,

15  on or about November 2, 2006, plaintiff filed a third "Motion to Change Venue Based on Further New

16  Facts." (RJN, Exh. "K.") Plaintiff's third motion to change venue is set for hearing on December 29,

17  2006. The conclusion is inescapable that plaintiff's practice of filing motions to change venue despite

18  being previously denied causes unnecessary delay, and the court need only look at the content of the

19  motions to determine that the motions are based on frivolous grounds.

20  In addition, plaintiff has repeatedly filed unmeritorious motions to disqualify the Honorable

21  Patricia Esgro from presiding over this case. On September 1, 2006, plaintiff filed a "Statement for

22  Recusal of Honorable Patricia Esgro Alleging Facts Suggesting New Grounds for Disqualification."

23  (RJN, Exh. "L.") On October 30, 2006, plaintiff also filed a "Statement of Recusal of Honorable Patricia

24  Esgro Alleging Facts Suggesting New Grounds For Disqualification." (RJN, Exh. "M.") On November

25  1, 2006, the Honorable Patricia Esgro entered an Order Striking the Challenge for Cause. (RJN, Exh.

26  "N.") So, plaintiff filed a third motion to change venue to remove the case from the Honorable Patricia

27  Esgro and to prevent the Honorable Patricia Esgro from ruling on the Demurrer. (See RJN, Exh. "K.")

28  Furthermore, plaintiff has repeatedly engaged in frivolous tactics to challenge the case assignment.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

–5–

1    On June 2, 2006, plaintiff submitted a Request for Accommodations by Persons with Disabilities and

2    Response that requested, inter alia, assignment of the case to one judge to prevent a "disruption" of his

3    heart condition and his death. (RJN, Exh. "O.")  On June 19, 2006, plaintiff submitted a letter to the

4    Honorable Roland Candee asking for the Honorable Roland Candee's response to his request because the

5    request "was mis-routed to the Honorable Burger-Plavan". (RJN, Exh. "P.")  On July 24, 2006, plaintiff

6    filed a Motion for Assignment to a Single Judge for All Purposes. (RJN, Exh. "Q.")  On August 15,

7    2006, the motion was denied. (RJN, Exh. "R.")  On or about November 2, 2006, plaintiff filed a "(New

8    Facts) Motion to Assign Disabled Plaintiff to 'One Judge Assigned For All Purposes' Program" or, in

9    the alternative, "To Refer This Matter For Judicial Council to Provide 'One Judge Assigned For All

10   Purposes" based on the ground that the "Honorable Patricia Esgro is conducting [a] jurisdictional conflict

11   and turf war against disabled Plaintiff's assigned Case Management Judge." (RJN, Exh. "S.")  The

12   motion is scheduled for December 29, 2006.

13        Finally, plaintiff has filed a frivolous motion to strike the Demurrer because Defendants allegedly

14   violated the Honorable Steven H. Rodda's general order. October 30, 2006, plaintiff filed a "Motion for

15   Sanctions of Default and Striking Pleadings Under Local Rule 11.12 for Violation of Court Orders and

16   Open Court Stipulation Confirmed by Court Order." (RJN, Exh. "T.")  This motion is untenable on its

17   face.

18        Simply put, the evidence is overwhelming that plaintiff is a vexatious litigant and that Defendants

19   have become the target of his vexatious tactics. The pleadings described above establish that plaintiff

20   is a vexatious litigant under Code of Civil Procedure § 391(b)(3). Thus, the court need not look beyond

21   the content of plaintiff's pleadings and course of conduct in this case to determine that plaintiff is a

22   vexatious litigant. Accordingly, the court should declare plaintiff a vexatious litigant.

23   3.    **THE COURT MAY ENTER A PREFILING ORDER THAT PROHIBITS PLAINTIFF,**

24         **AS A VEXATIOUS LITIGANT, FROM FILING ANY NEW LITIGATION IN PROPRIA**

25         **PERSONA WITHOUT FIRST OBTAINING LEAVE FROM COURT**

26        The court may enter a prefiling order that prohibits plaintiff, as a vexatious litigant, from filing

27   any new litigation in propria persona without first obtaining leave of the presiding judge of the court

28   where the litigation is proposed to be filed. (Code Civ. Proc. § 391.7(a).)  As used in the statute,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

-6-

1   "litigation" includes any petition, application, or motion, other than a discovery motion, for any order.

2   (Code Civ. Proc. § 391.7(d).) Therefore, a prefiling order would prevent plaintiff from filing a new action

3   in propria persona without first obtaining leave of court and from filing a new motion or application in

4   this action without first obtaining leave of court.

5   **4.**      <u>**THE COURT SHOULD ISSUE A PREFILING ORDER AGAINST PLAINTIFF**</u>

6         Plaintiff is an obsessive and persistent individual who, while acting in propria persona, repeatedly

7   files umeritorious actions and motions against Defendants, as well as the judicial officers that have issued

8   adverse rulings to plaintiff.   (See <u>First Western Development Corp. v. Superior Court</u> (1989) 212

9   Cal.App.3d 860, 867-868.)  By targeting Defendants, plaintiff's conduct has caused serious financial

10   consequences to Defendants by requiring Defendants to defend multiple actions based on the same claims

11   and issues already decided in prior litigation.  (Declaration of David B. Owen ("Owen Decl."), ¶ 4.)

12   Equally true, plaintiff's conduct of repeatedly filing unmeritorious motions in this case results in

13   unnecessary delay and greater expense to Defendants.  (Owen Decl., ¶ 4.)  In addition, plaintiff's

14   unmeritorious motions clog up the court's calendar causing a real detriment to others who have a

15   legitimate controversy to be determined and to taxpayers who must pay for court services.  (<u>Taliaferro</u>

16   <u>v. Hoogs</u> (1965) 237 Cal.App.2d 73, 74.)  It is time for the court to put a stop to plaintiff's vexatious

17   tactics by issuing a prefiling order.

18         Once the court issues a prefiling order against plaintiff, the presiding judge may only permit the

19   filing of new litigation by plaintiff in propria persona if it appears that the litigation has merit and has not

20   been filed for the purposes of harassment or delay.  (Code Civ. Proc. § 391.7(b).)  Plaintiff's disobedience

21   of the prefiling order may be punished by contempt of court.  (Code Civ. Proc. § 391.7(a).)  Thus, the

22   court will have the ability to prevent plaintiff from filing unmeritorious motions and engaging in

23   vexatious tactics before they occur.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

—7—

1    **5.    CONCLUSION**

2    For the foregoing reasons, the court should issue an order that <u>declares plaintiff a vexatious</u>

3    <u>litigant and that prohibits plaintiff from filing new litigation in propria persona without the court's</u>

4    <u>permission</u>.

5

6    Dated: November 30, 2006                              NEMECEK & COLE

7

8                                                    By: _____

9                                                         DAVID B. OWEN
                                                         Attorneys for Defendants
10                                                        FARMERS INSURANCE EXCHANGE;
                                                         ROBERT W. BRANNEN; JAMES S.
11                                                        McWORTER; and DEBORAH A. CORRELL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

—8—

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500   FACSIMILE (818) 501-0328

# DECLARATION OF DAVID B. OWEN

I, DAVID B. OWEN, declare:

1.    I am an attorney licensed in California to practice law in California courts, and I am a partner with Nemecek & Cole, the attorneys of record for Defendants FARMERS INSURANCE EXCHANGE, ROBERT W. BRANNEN, JAMES S. McWORTER, and DEBORAH A. CORRELL (collectively "Defendants"). I make this declaration in support of Defendants' motion for an order declaring Plaintiff GARY ERVIN ("plaintiff") a vexatious litigant and for a prefiling order prohibiting him from filing new litigation without court permission. I have personal knowledge of the facts and circumstances contained herein, and I could and would testify competently thereto if called upon as a witness.

2.    This is now the third action that plaintiff has filed against Defendants based on the same set of facts. As reflected by the court records and pleadings, plaintiff has repeatedly relitigated, or attempted to relitigate, claims and issues of fact and law concluded by the final determination of the initial action filed on March 1, 2005 against Defendants.

3.    In this action, plaintiff has repeatedly filed motions to change venue, repeatedly filed motions to disqualify or prevent the Honorable Patricia Esgro from presiding over this case, and filed a motion to strike the Demurrer, all of which have caused unnecessary delay in this case.

4.    As a result of plaintiff's course of conduct of repeatedly filing actions against Defendants and repeatedly filing motions that cause unnecessary delay in this action, Defendants have incurred attorney's fees and expenses that they would not otherwise have incurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 30th day of November of 2006, in Sherman Oaks, California.


DAVID B. OWEN

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5314
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

874061P.11 Vexatious.wpd    DEFENDANTS' NOTICE OF MOTION AND MOTION TO DEEM PLAINTIFF A VEXATIOUS, ETC.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

On December 1, 2006, I served the document described as *NOTICE OF MOTION AND MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR PREFILING ORDER PROHIBITING PLAINTIFF FROM FILING NEW LITIGATION IN PROPRIA PERSONA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID B. OWEN IN SUPPORT THEREOF* upon the interested parties in this action in sealed envelopes addressed as follows:

Gary Ervin
4977 Hillhurst Drive
Fair Oaks, California 95628
Tel: (916) 962-2837

X ___        **(By Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

___        **(By Overnight Delivery)** I deposited this document in the box or other facility located at 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403 regularly maintained by Overnite Express, in an envelope designated by Overnite Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

___        **(By Facsimile Transmission)** I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

___        **(By Personal Service)** I caused the delivery of such envelope by hand to the offices of the addressee.

Executed on December 1, 2006, at Sherman Oaks, California.

X ___        (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___        (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ANNA M. BOYD

Filed  ENDORSED

DEC - 4 2006

y L. [illegible], Deputy

1  JONATHAN B. COLE (70460)
   DAVID B. OWEN (150458)
2  NEMECEK & COLE
   A Professional Corporation
3  15260 Ventura Boulevard, Suite 920
   Sherman Oaks, California 91403-5399
4  (818)788-9500 Tel. / (818)501-0328 Fax

5  Attorneys for Defendants
   FARMERS INSURANCE EXCHANGE;
6  ROBERT W. BRANNEN; JAMES S. McWORTER;
   and DEBORAH A. CORRELL

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SACRAMENTO

11

12  GARY ERVIN,                          )  Case No.: 06AS00387
                                         )
13              Plaintiff,               )  [Assigned to the Hon. Patricia C. Esgro in
                                         )  Department 13]
14         -vs-                          )
                                         )  NOTICE OF MOTION AND MOTION FOR
15                                       )  ORDER DECLARING PLAINTIFF A
    FARMERS INSURANCE EXCHANGE;          )  VEXATIOUS LITIGANT AND FOR
16  ROBERT W. BRANNEN; JAMES S.          )  PREFILING ORDER PROHIBITING
    McWORTER, DEBORAH A. CORRELL and     )  PLAINTIFF FROM FILING NEW
17  DOES 1 to 4,                         )  LITIGATION IN PROPRIA PERSONA;
                                         )  MEMORANDUM OF POINTS AND
18              Defendants.              )  AUTHORITIES; DECLARATION OF
                                         )  DAVID B. OWEN IN SUPPORT THEREOF
19                                       )
                                         )  (Filed Concurrently with Request for Judicial
20                                       )  Notice)
                                         )
21                                       )
                                         )
22                                       )  Judge:  Hon. Patricia C. Esgro
                                         )  Date:   January 5, 2007
23                                       )  Time:   10:00 AM
                                         )  Dept.   13
24                                       )
                                         )  Complaint Filed:    January 30, 2006
25                                       )  Trial Date:         None Set

26  TO PLAINTIFF GARY ERVIN IN PROPRIA PERSONA:

27         PLEASE TAKE NOTICE that on January 5, 2007, at 10:00 a.m., or as soon thereafter as the

28  matter be heard, in Department 13 of the above-entitled court, located at 720 Ninth Street, Sacramento,

                                        --1--

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

1  California, 95814, Defendants FARMERS INSURANCE EXCHANGE, ROBERT W. BRANNEN,

2  JAMES S. McWORTER, and DEBORAH A. CORRELL (collectively "Defendants") will, and hereby

3  do, move for an order declaring Plaintiff GARY ERVIN ("plaintiff") a vexatious litigant within the

4  meaning of Code of Civil Procedure § 391(b) and for an order prohibiting plaintiff from filing any new

5  litigation in propria persona without first obtaining leave from the presiding judge of the court in which

6  the litigation is proposed to be filed.

7      This motion is made pursuant to Code of Civil Procedure § 391.7(a) on the ground that plaintiff

8  is a vexatious litigant within the meaning of Code of Civil Procedure § 391(b).

9      This motion is based on this notice of motion, the attached memorandum of points and authorities,

10  the attached Declaration of David B. Owen, the request for judicial notice filed concurrently herewith,

11  the records on file with the court, and upon such further oral or documentary evidence submitted at or

12  before the hearing on this matter.

13

14  Dated: November 30, 2006                NEMECEK & COLE

15

16                              By: _____

17                                  DAVID B. OWEN
                                    Attorneys for Defendants
18                                  FARMERS INSURANCE EXCHANGE;
                                    ROBERT W. BRANNEN; JAMES S.
                                    McWORTER; and DEBORAH A. CORRELL

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 · FACSIMILE (818) 501-0328

–2–

874061P.11 Vexatious.wpd    DEFENDANTS' NOTICE OF MOTION AND MOTION TO DEEM PLAINTIFF A VEXATIOUS, ETC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **INTRODUCTION**

The vexatious litigant statutes are aimed specifically at litigants, such as plaintiff, who vexatiously bring actions in propria persona. By this motion, Defendants ask the court to apply the vexatious litigant statutes to plaintiff by ordering that plaintiff is a vexatious litigant within the meaning of Code of Civil Procedure § 391(b)(2) and (3) and that plaintiff is prohibited from filing any new litigation in propria persona without court permission pursuant to Code of Civil Procedure § 391.7.

As established below, plaintiff is a vexatious litigant acting in propria persona within the meaning of Code of Civil Procedure § 391(b)(2) and (3), who filed this action vexatiously against Defendants. This is now the third action that plaintiff has filed against these same Defendants based on the same issues and facts. Moreover, in this action alone, plaintiff has filed three frivolous motions to change venue and has repeatedly filed frivolous motions attacking the court's case assignment and the court's ability to rule on Defendant's demurrer, all of which have caused unnecessary delay. Accordingly, the court should issue an order declaring plaintiff a vexatious litigant and prohibit him from filing any new litigation in propria persona without court permission.

2. **PLAINTIFF IS A VEXATIOUS LITIGANT**

   A. **Plaintiff Is A Vexatious Litigant Under Code of Civil Procedure § 391(b)(2)**

   Code of Civil Procedure § 391(b) specifies the situations that result in a person being a vexatious litigant. Under Code of Civil Procedure § 391(b)(2), a "vexatious litigant" includes any person who does the following:

   "After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined."

(Code Civ. Proc. § 391(b)(2).) Thus, a person in propria persona who repeatedly relitigates, or attempts to relitigate, any cause of action, claim, controversy, or any issue of fact or law determined or concluded

–3–

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1  by the final determination in the prior litigation against the same defendant or defendants is a vexatious

2  litigant under Code of Civil Procedure § 391(b)(2).

3    Notably, a "final determination" within the meaning of Code of Civil Procedure § 391(b)(2)

4  includes a voluntary dismissal without prejudice. (Tokerud v. CapitolBank Sacramento (1995) 38

5  Cal.App.4th 775, 781; see S. B. Beach Properties v. Berti (2006) 39 Cal.4th 374, 382.) A person who

6  repeatedly files frivolous actions only to dismiss them is no less vexatious than a person who follows a

7  frivolous action through completion. (Id., at 780.) Therefore, a voluntary dismissal is prima facie proof

8  that the prior litigation was finally determined adversely to plaintiff.

9    Here, the evidence demonstrates that plaintiff is a vexatious litigant under Code of Civil Procedure

10  § 391(b)(2). This is now the third action that plaintiff has filed against these same Defendants based on

11  the exact same set of facts. Initially, on March 1, 2005, plaintiff filed an action in Sacramento Superior

12  Court bearing Case No. 05AS00866 against these same Defendants. That Complaint contained causes

13  of action for violation of Americans with Disabilities Act, concealment of facts, and legal malpractice

14  against the Attorney Defendants ("first action"). (Request for Judicial Notice ("RJN"), Exh. "A.") In

15  response to the Complaint in the first action, Defendants demurred. Prior to the hearing on the Demurrer,

16  plaintiff voluntarily dismissed this first action. (RJN, Exh. "B.")

17    Subsequently, on April 11, 2005, plaintiff filed an identical action in the United States District

18  Court for the Eastern District of California bearing Case No. 05-CV-269 ("Federal Action"). (RJN, Exh.

19  "C.") In response to the Federal Action Complaint, Defendants filed a Motion to Dismiss under Federal

20  Rules of Civil Procedure rule 12(b)(6). The Motion was granted by the court on October 19, 2005. (RJN,

21  Exh. "D.") However, plaintiff recently filed an appeal from the judgment of dismissal entered in the

22  Federal Action and that appeal is currently still pending. (RJN, Exh. "E.")

23    Now having dismissed his first action and then having lost the Federal Action in District Court,

24  plaintiff has filed the instant action which is virtually identical to his earlier two actions and based on the

25  same issues of fact and law. Defendants demurred to the Complaint in the instant action, which was

26  sustained tentatively without leave to amend. (RJN, Exh. "F.") Based thereon, plaintiff is a vexatious

27  litigant within the meaning of Code of Civil Procedure § 391(b)(2), because he has repeatedly relitigated,

28  or attempted to relitigate, claims and issues of fact and law concluded by the final determination of the

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

-4-

1  initial action filed on March 1, 2005 against these same Defendants.

2  **B.    Plaintiff Is A Vexatious Litigant Under Code of Civil Procedure § 391(b)(3)**

3      A "vexatious litigant" also includes any person, while acting in propria persona, who "repeatedly

4  files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in

5  other tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc. §

6  391(b)(3).)  As such, plaintiff may be a vexatious litigant if the court finds that he repeatedly filed

7  unmeritorious motions, pleadings, or other papers, or engaged in tactics that are frivolous or solely

8  intended to cause unnecessary delay in this action.

9      In this action, plaintiff's course of conduct establishes that he also is a vexatious litigant under

10  Code of Civil Procedure § 391(b)(3).  To begin, plaintiff has repeatedly filed unmeritorious motions to

11  change venue.  On or about May 8, 2006, plaintiff filed a Motion to Change Venue. (RJN, Exh. "G.")

12  On July 7, 2006, the motion was denied. (RJN, Exh. "H.")  Nevertheless, on or about September 5, 2006,

13  plaintiff filed a second "Motion to Change Venue Based on New Facts." (RJN, Exh. "I.")  On October

14  18, 2006, the second motion was denied. (RJN, Exh. "J.")  Despite the motion having been denied twice,

15  on or about November 2, 2006, plaintiff filed a third "Motion to Change Venue Based on Further New

16  Facts." (RJN, Exh. "K.")  Plaintiff's third motion to change venue is set for hearing on December 29,

17  2006.  The conclusion is inescapable that plaintiff's practice of filing motions to change venue despite

18  being previously denied causes unnecessary delay, and the court need only look at the content of the

19  motions to determine that the motions are based on frivolous grounds.

20      In addition, plaintiff has repeatedly filed unmeritorious motions to disqualify the Honorable

21  Patricia Esgro from presiding over this case.  On September 1, 2006, plaintiff filed a "Statement for

22  Recusal of Honorable Patricia Esgro Alleging Facts Suggesting New Grounds for Disqualification."

23  (RJN, Exh. "L.")  On October 30, 2006, plaintiff also filed a "Statement of Recusal of Honorable Patricia

24  Esgro Alleging Facts Suggesting New Grounds For Disqualification." (RJN, Exh. "M.")  On November

25  1, 2006, the Honorable Patricia Esgro entered an Order Striking the Challenge for Cause. (RJN, Exh.

26  "N.")  So, plaintiff filed a third motion to change venue to remove the case from the Honorable Patricia

27  Esgro and to prevent the Honorable Patricia Esgro from ruling on the Demurrer. (See RJN, Exh. "K.")

28      Furthermore, plaintiff has repeatedly engaged in frivolous tactics to challenge the case assignment.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

—5—

1    On June 2, 2006, plaintiff submitted a Request for Accommodations by Persons with Disabilities and

2    Response that requested, inter alia, assignment of the case to one judge to prevent a "disruption" of his

3    heart condition and his death. (RJN, Exh. "O.")  On June 19, 2006, plaintiff submitted a letter to the

4    Honorable Roland Candee asking for the Honorable Roland Candee's response to his request because the

5    request "was mis-routed to the Honorable Burger-Plavan".  (RJN, Exh. "P.")  On July 24, 2006, plaintiff

6    filed a Motion for Assignment to a Single Judge for All Purposes.  (RJN, Exh. "Q.")  On August 15,

7    2006, the motion was denied.  (RJN, Exh. "R.")  On or about November 2, 2006, plaintiff filed a "(New

8    Facts) Motion to Assign Disabled Plaintiff to 'One Judge Assigned For All Purposes' Program" or, in

9    the alternative, "To Refer This Matter For Judicial Council to Provide 'One Judge Assigned For All

10   Purposes" based on the ground that the "Honorable Patricia Esgro is conducting [a] jurisdictional conflict

11   and turf war against disabled Plaintiff's assigned Case Management Judge."  (RJN, Exh. "S.")  The

12   motion is scheduled for December 29, 2006.

13          Finally, plaintiff has filed a frivolous motion to strike the Demurrer because Defendants allegedly

14   violated the Honorable Steven H. Rodda's general order.  October 30, 2006, plaintiff filed a "Motion for

15   Sanctions of Default and Striking Pleadings Under Local Rule 11.12 for Violation of Court Orders and

16   Open Court Stipulation Confirmed by Court Order."  (RJN, Exh. "T.")  This motion is untenable on its

17   face.

18          Simply put, the evidence is overwhelming that plaintiff is a vexatious litigant and that Defendants

19   have become the target of his vexatious tactics.  The pleadings described above establish that plaintiff

20   is a vexatious litigant under Code of Civil Procedure § 391(b)(3).  Thus, the court need not look beyond

21   the content of plaintiff's pleadings and course of conduct in this case to determine that plaintiff is a

22   vexatious litigant.  Accordingly, the court should declare plaintiff a vexatious litigant.

23   **3.**   **THE COURT MAY ENTER A PREFILING ORDER THAT PROHIBITS PLAINTIFF,**

24          **AS A VEXATIOUS LITIGANT, FROM FILING ANY NEW LITIGATION IN PROPRIA**

25          **PERSONA WITHOUT FIRST OBTAINING LEAVE FROM COURT**

26          The court may enter a prefiling order that prohibits plaintiff, as a vexatious litigant, from filing

27   any new litigation in propria persona without first obtaining leave of the presiding judge of the court

28   where the litigation is proposed to be filed.  (Code Civ. Proc. § 391.7(a).)  As used in the statute,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

-6-

1    "litigation" includes any petition, application, or motion, other than a discovery motion, for any order.

2    (Code Civ. Proc. § 391.7(d).) Therefore, a prefiling order would prevent plaintiff from filing a new action

3    in propria persona without first obtaining leave of court and from filing a new motion or application in

4    this action without first obtaining leave of court.

5    **4.    THE COURT SHOULD ISSUE A PREFILING ORDER AGAINST PLAINTIFF**

6    Plaintiff is an obsessive and persistent individual who, while acting in propria persona, repeatedly

7    files umeritorious actions and motions against Defendants, as well as the judicial officers that have issued

8    adverse rulings to plaintiff.  (See First Western Development Corp. v. Superior Court (1989) 212

9    Cal.App.3d 860, 867-868.)  By targeting Defendants, plaintiff's conduct has caused serious financial

10    consequences to Defendants by requiring Defendants to defend multiple actions based on the same claims

11    and issues already decided in prior litigation.  (Declaration of David B. Owen ("Owen Decl."), ¶ 4.)

12    Equally true, plaintiff's conduct of repeatedly filing unmeritorious motions in this case results in

13    unnecessary delay and greater expense to Defendants.  (Owen Decl., ¶ 4.)  In addition, plaintiff's

14    unmeritorious motions clog up the court's calendar causing a real detriment to others who have a

15    legitimate controversy to be determined and to taxpayers who must pay for court services.  (Taliaferro

16    v. Hoogs (1965) 237 Cal.App.2d 73, 74.)  It is time for the court to put a stop to plaintiff's vexatious

17    tactics by issuing a prefiling order.

18    Once the court issues a prefiling order against plaintiff, the presiding judge may only permit the

19    filing of new litigation by plaintiff in propria persona if it appears that the litigation has merit and has not

20    been filed for the purposes of harassment or delay.  (Code Civ. Proc. § 391.7(b).)  Plaintiff's disobedience

21    of the prefiling order may be punished by contempt of court.  (Code Civ. Proc. § 391.7(a).)  Thus, the

22    court will have the ability to prevent plaintiff from filing unmeritorious motions and engaging in

23    vexatious tactics before they occur.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500   FACSIMILE (818) 501-0328

–7–

## 5.  **CONCLUSION**

For the foregoing reasons, the court should issue an order that declares plaintiff a vexatious litigant and that prohibits plaintiff from filing new litigation in propria persona without the court's permission.

Dated: November 30, 2006

NEMECEK & COLE

By: _____
DAVID B. OWEN
Attorneys for Defendants
FARMERS INSURANCE EXCHANGE;
ROBERT W. BRANNEN; JAMES S.
McWORTER; and DEBORAH A. CORRELL

874061P.11 Vexatious.wpd      DEFENDANTS' NOTICE OF MOTION AND MOTION TO DEEM PLAINTIFF A VEXATIOUS, ETC.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15250 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5334
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

## DECLARATION OF DAVID B. OWEN

I, DAVID B. OWEN, declare:

1.  I am an attorney licensed in California to practice law in California courts, and I am a partner with Nemecek & Cole, the attorneys of record for Defendants FARMERS INSURANCE EXCHANGE, ROBERT W. BRANNEN, JAMES S. McWORTER, and DEBORAH A. CORRELL (collectively "Defendants"). I make this declaration in support of Defendants' motion for an order declaring Plaintiff GARY ERVIN ("plaintiff") a vexatious litigant and for a prefiling order prohibiting him from filing new litigation without court permission. I have personal knowledge of the facts and circumstances contained herein, and I could and would testify competently thereto if called upon as a witness.

2.  This is now the third action that plaintiff has filed against Defendants based on the same set of facts. As reflected by the court records and pleadings, plaintiff has repeatedly relitigated, or attempted to relitigate, claims and issues of fact and law concluded by the final determination of the initial action filed on March 1, 2005 against Defendants.

3.  In this action, plaintiff has repeatedly filed motions to change venue, repeatedly filed motions to disqualify or prevent the Honorable Patricia Esgro from presiding over this case, and filed a motion to strike the Demurrer, all of which have caused unnecessary delay in this case.

4.  As a result of plaintiff's course of conduct of repeatedly filing actions against Defendants and repeatedly filing motions that cause unnecessary delay in this action, Defendants have incurred attorney's fees and expenses that they would not otherwise have incurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 30th day of November of 2006, in Sherman Oaks, California.

_____
DAVID B. OWEN

—9—

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

On December 1, 2006, I served the document described as *NOTICE OF MOTION AND MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR PREFILING ORDER PROHIBITING PLAINTIFF FROM FILING NEW LITIGATION IN PROPRIA PERSONA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID B. OWEN IN SUPPORT THEREOF* upon the interested parties in this action in sealed envelopes addressed as follows:

Gary Ervin
4977 Hillhurst Drive
Fair Oaks, California 95628
Tel: (916) 962-2837

X    **(By Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

        **(By Overnight Delivery)** I deposited this document in the box or other facility located at 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403 regularly maintained by Overnite Express, in an envelope designated by Overnite Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

        **(By Facsimile Transmission)** I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

        **(By Personal Service)** I caused the delivery of such envelope by hand to the offices of the addressee.

Executed on December 1, 2006, at Sherman Oaks, California.

X    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

        **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ANNA M. BOYD

1  JONATHAN B. COLE  (70460)
   DAVID B. OWEN (150458)
2  NEMECEK & COLE
   A Professional Corporation
3  15260 Ventura Boulevard, Suite 920
   Sherman Oaks, California 91403-5399
4  (818)788-9500 Tel. / (818)501-0328 Fax

5  Attorneys for Defendants
   FARMERS INSURANCE EXCHANGE;
6  ROBERT W. BRANNEN; JAMES S. McWORTER;
   and DEBORAH A. CORRELL

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SACRAMENTO

11

12  GARY ERVIN,                        )  Case No.: 06AS00387
                                       )  [Assigned to the Hon.  Patricia C. Esgro in
13              Plaintiff,             )  Department 13]
                                       )
14                                     )
                                       )  **REQUEST FOR JUDICIAL NOTICE FILED**
15      -vs-                           )  **IN SUPPORT OF DEFENDANT'S MOTION**
                                       )  **FOR ORDER DECLARING PLAINTIFF A**
16  FARMERS INSURANCE EXCHANGE;        )  **VEXATIOUS LITIGANT AND FOR**
   ROBERT W. BRANNEN; JAMES S.         )  **PREFILING ORDER PROHIBITING**
17  McWORTER, DEBORAH A. CORRELL and   )  **PLAINTIFF FROM FILING NEW**
   DOES 1 to 4,                        )  **LITIGATION IN PROPRIA PERSONA**
18                                     )
              Defendants.             )  [Filed concurrently with Motion for Order, etc.]
19  ─────────────────────────────────  )
                                          Date:   January 5, 2007
20                                        Time:   10:00 a.m.
                                          Dept.   13

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE that, in connection with their Motion for Order Declaring Plaintiff a

23  Vexatious Litigant and for Prefiling Order Prohibiting Plaintiff from Filing New Litigation in Propria

24  Persona and  pursuant to the provisions of Evidence Code § 451, 452, 453 Defendants FARMERS

25  INSURANCE EXCHANGE; ROBERT W. BRANNEN; JAMES S. McWORTER, DEBORAH A.

26  CORRELL (collectively "Defendants") will and hereby do request that this court take judicial Notice

27  of the following items that are contained in the Court file of the matters entitled: (i) Moore v. Ervin

28  bearing Sacramento Superior Court Case No. 03AS02489 (" The Underlying action"); (ii) Ervin v.

─1─

874061P.13 RJN.wpd              REQUEST FOR JUDICIAL NOTICE

1  Farmers, et. al. bearing Sacramento Superior Court Case No. 05AS00866 ("The State Court Action");

2  and (iii) Ervin v. Farmers. et. al. bearing U.S. District Court Case No. 205-CV-0701 MCE DAD PS

3  ("The Federal Action").

4      1.     Exhibit "A" is a true and correct copy of the of the Complaint filed by Plaintiff in the

5          State Court Action.

6      2.     Exhibit "B" is a true and correct copy of the of the Request for Dismissal filed by

7          Plaintiff in the State Court Action.

8      3.     Exhibit "C" is a true and correct copy of the Complaint filed by Plaintiff in the Federal

9          Action

10      4.     Exhibit "D" is a true and correct copy of the Order adopting the Magistrate Judges

11          Report and Recommendations granting Defendant Motion to Dismiss the Complaint in

12          the Federal Action

13      5.     Exhibit "E" is a true and correct copy of the Notice of Appeal filed by Plaintiff in the

14          Federal Court Action.

15      6.     Exhibit "F" is a true and correct copy of the August 24, 2006 minute order sustaining

16          tentatively without leave to amend the Demurrer to Plaintiff's Complaint filed in the

17          State Court Action.

18      7.     Exhibit "G" is a true and correct copy of the Motion to Change Venue filed by Plaintiff

19          in the State Court Action.

20      8.     Exhibit "H" is a true and correct copy of the July 7, 2006 minute order denying

21          Plaintiff's Motion to Change Venue in the State Court Action.

22      9.     Exhibit "I" is a true and correct copy of the Motion to Change Venue Based on New

23          Facts filed by Plaintiff in the State Court Action.

24      10.    Exhibit "J" is a true and correct copy of the October 18, 2006 court ruling denying

25          Plaintiff's Motion to Change Venue Based on New Facts in the State Court Action..

26      11.    Exhibit "K" is a true and correct copy of the Motion to Change Venue Based on

27          Further New Facts filed by Plaintiff in the State Court Action.

28      12.    Exhibit "L" is a true and correct copy of the Statement of Recusal of Honorable

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

–2–

1    Patricia Esgro filed by Plaintiff in the State Court Action.

2    13.    Exhibit "M" is a true and correct copy of the Statement of Recusal of Honorable

3    Patricia Esgro Alleging Facts Suggesting New Grounds for Disqualification filed by

4    Plaintiff in the State Court Action.

5    14.    Exhibit "N" is a true and correct copy of the Order Striking the Challenge for Cause

6    filed by the Honorable Patricia Esgro in the State Court Action.

7    15.    Exhibit "O" is a true and correct copy of the Request for Accommodations by Persons

8    with Disabilities and Response that requested, _inter alia_, assignment of the case to one

9    judge to prevent a "disruption" of his heart condition and his death filed by Plaintiff in

10    the State Court Action.

11    16.    Exhibit "P" is a true and correct copy of the letter to the Honorable Roland Candee

12    asking for the Honorable Roland Candee's response to his request because the request

13    "was mis-routed to the Honorable Burger-Plavan" sent by Plaintiff in the State Court

14    Action.

15    17.    Exhibit "Q" is a true and correct copy of the Motion to Assign Disabled Plaintiff to

16    "One Judge Assigned for All Purposes" Program [CRC Rules 213 & 989.3]

17    Alternatively, to Refer this Matter for Judicial Counsel to Provide "One Judge

18    Assigned for All Purposes" File by Plaintiff in the State Court Action.

19    18.    Exhibit "R" is a true and correct copy of the August 15, 2006 minute order denying

20    Plaintiff's Motion to Assign Disabled Plaintiff to "One Judge Assigned for All

21    Purposes" Program [CRC Rules 213 & 989.3] Alternatively, to Refer this Matter for

22    Judicial Counsel to Provide "One Judge Assigned for All Purposes" in the State Court

23    Action.

24    19.    Exhibit "S" is a true and correct copy of the (New Facts) Motion to Assign Disabled

25    Plaintiff to 'One Judge Assigned For All Purposes' Program" or, in the alternative,

26    "To Refer This Matter For Judicial Council to Provide 'One Judge Assigned For All

27    Purposes" filed by Plaintiff in the State Court Action.

28    ///

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500   FACSIMILE (818) 501-0328

—3—

20.  Exhibit "T" is a true and correct copy of the Motion for Sanctions of Default and Striking Pleadings Under Local Rule 11.12 for Violation of Court Orders and Open Court Stipulation Confirmed by Court Order" filed by Plaintiff in the State Court Action.

Dated: November 30, 2006

NEMECEK & COLE

By
DAVID B. OWEN
Attorneys for Defendants
FARMERS INSURANCE EXCHANGE;
ROBERT W. BRANNEN; JAMES S.
McWORTER; and DEBORAH A. CORRELL

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

-4-

REQUEST FOR JUDICIAL NOTICE

874061P.13 RJN.wpd

1   GARY ERVIN
    4977 Hillhurst Drive
2   Fair Oaks, CA 95628
    (916) 962-2837



FILED/ENDORSED

DEC 21 ····

By _____ P. BANKS
              DEPUTY CLERK

5   Plaintiff
    Pro Personam

8                SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SACRAMENTO

11  GARY ERVIN,            )        CASE NUMBER:   06AS00387
                           )
12                         )   OPPOSITION TO DEFENDANTS' VEXATIOUS
                           )   LITIGANT MOTION
13          Plaintiff,     )   --- REQUEST FOR JUDICIAL NOTICE
                           )   --- DECLARATION OF PLAINTIFF
14    -VS-                 )   --- MEMORANDUM
                           )   --- REQUEST FOR FULL HEARING AND
15  FARMERS INSURANCE      )        CONTINUANCE
    EXCHANGE, ET AL.       )
16                         )   DATE: 1-5-07
                           )   TIME: 10:00 A.M.
17          Defendants.    )   DEPT: 13
    _____)   JUDGE: HONORABLE PATRICIA C. ESGRO

19                    REQUEST FOR JUDICIAL NOTICE

21       Pursuant to Ev.C. 451-453, plaintiff GARY ERVIN requests the

22  Court to take judicial notice of the following matters:

24       (1) Judicial Notice from the Court's file is requested of

25  "Amended Notice Of Dismissal And Attached Order" filed 12/11/06

26  (copy attached hereto as Plaintiff's EXHIBIT AA) that clarifies

27  "Request For Dismissal" (Defendants EXHIBIT B).

_____
vex opp

1      (2)  Judicial Notice from the Court's file is requested of

2  "Amended Notice Of Appeal To The United States Court Of Appeals

3  For The Ninth Circuit" filed 12/11/06 (copy attached hereto as

4  Plaintiff's EXHIBIT BB) that clarifies and replaces "Notice Of

5  Appeal To The United States Court Of Appeals For The Ninth

6  Circuit" (Defendants' EXHIBIT E).  The clarification adds:

7         "...(clarifying that all federal claims are appealed,

8         but, excluding from appeal all state law claims dismissed

9         without prejudice for lack of jurisdiction)"

10

11     (3)  Judicial Notice from U.S. Ninth Circuit Court Of

12 Appeals No. 06-15357 is requested of Appellant GARY ERVIN's Brief

13 setting out the issues raised on appeal (copy attached hereto as

14 Plaintiff's EXHIBIT CC) in that GARY ERVIN's issues raised on

15 appeal do not include the state law claims dismissed without

16 prejudice for lack of jurisdiction.

17

18     (4)  Judicial Notice from U.S. Ninth Circuit Court Of Appeal

19 No. 06-15357 is requested of FARMERS Appellees' Brief – Statement

20 Of Issues Presented For Review (copy attached hereto as Plain-

21 tiff's EXHIBIT DD) in that FARMERS statement of issues raised on

22 appeal misrepresents that one of GARY ERVIN's issues is

23        "(2) Did the District Court abuse its discretion when it

24        appropriately declined to exercise jurisdiction over

25        ERVIN's state law claims."

26                     Respectfully requested,

27 DATED: DECEMBER 20TH, 2006

28                  GARY ERVIN, Plaintiff Pro Personam

                       - 2 -

vex opp

## DECLARATION OF PLAINTIFF

I, GARY ERVIN, plaintiff herein, declare:

(1)  GARY ERVIN is recognized by the CA State Government and the U.S. Government as a disabled person.  Prior to April, 2002 GARY ERVIN was not involved in any court litigation for many years neither as a plaintiff nor defendant.  During 2002 herein plaintiff GARY ERVIN was hailed into court as a defendant in separate actions by persons known as (1) Taylor, (2) Moore, (3) Wymore, and (4) CHP.  Farmers Insurance Exchange was involved re insurance matters with GARY ERVIN in the (2) Moore, (3) Wymore, and (4) CHP litigations with GARY ERVIN being the defendant in each respective matter.  In the (1) Taylor, (2) Moore, (3) Wymore and (4) CHP litigations GARY ERVIN requested Americans With Disabilities Act accommodations which included "Assignment To One Judge For All Purposes" program which is an available program in the Sacramento Superior Court (SacSuperCt).  During 2004, HON. MICHAEL G. VIRGA, P.J. of SacSuperCt denied GARY ERVIN any dis- ability accommodations.  GARY ERVIN requested the U.S. DISTRICT COURT to enjoin certain JUDICIAL DEFENDANTS to grant full ADA disability accommodations to ERVIN.  U.S. DISTRICT JUDGE - HON. MARTIN J. JENKINS <u>DENIED the Judicial Defendants' motion to</u> <u>dismiss thereby requiring Judicial Defendants to ANSWER ERVIN's</u> <u>complaint within 10 days</u>; the case was transferred to Sacramento for convenience of witnesses.  A copy of the order of HON. JENKINS is attached hereto as EXHIBIT EE.  A current appeal requests that the matter be returned to HON. JENKINS for further proceedings.  During 2005, SacSuperCt's HON. THOMAS CECIL granted ERVIN partial disability accommodation of "One Judge

- 3 -

vex opp

1  Assigned For All Law and Motion Purposes (about 1/3rd of request-

2  ed accommodations).  During 2006, SacSuperCt's HON. ROLAND CANDEE

3  granted ERVIN further partial disability accommodations of "One

4  Judge Assigned For All Pre-Trial Purposes" (about 2/3rds of

5  requested accommodations).  In December, 2006, GARY ERVIN has

6  requested the U.S. District Court to enjoin SacSuperCt's HON.

7  PATRICIA ESGRO, SacSuperCt, and CA JUDICIAL COUNCIL to grant full

8  ADA disability accommodation to ERVIN, request for the ADA

9  injunction pending.

10       (2)  During 2004 GARY ERVIN discovered with regard to the

11  (2) Moore, (3) Wymore, and (4) CHP litigations that conduct of

12  FARMERS INSURANCE EXCHANGE appeared to be fraudulent and damaging

13  to ERVIN.  On 3/1/05, GARY ERVIN filed in SacSuperCt No.

14  05AS00866 against FARMERS INSURANCE EXCHANGE and employees for

15  ADA violations and concealment.  During early March 2005 the case

16  was assigned to HON. CECIL who indicated that ERVIN might prefer

17  to refile the case in another court.  On 3/24/05 ERVIN dismissed

18  without prejudice SacSuperCt No. 05AS00866 (copy attached hereto

19  as EXHIBIT FF) and promptly refiled 4/11/05 in federal court as

20  USDC E CA DIST Action No. 2:05-CV-701-MCE-DAD (see Defendants'

21  EXHIBIT C).  The E CA DIST dismissed with prejudice the federal

22  claims and dismissed the state claims without prejudice for

23  refiling in State court (see Defendants' EXHIBIT D).  GARY ERVIN

24  appealed the Case 2:05-CV-701 dismissal of federal claims in

25  NINTH CIRCUIT COURT OF APPEALS No. 06-15357 (copy attached hereto

26  as EXHIBIT GG) and timely refiled the Case 2:05-CV-701 state

27  claims in SacSuperCt No. 06AS00387.

28       (3)  After GARY ERVIN dismissed No. 05AS00866 without

- 4 -

vex opp

1  prejudice and the case was closed out 3/24/05, Defendants filed
2  motions on 4/1/05 set for 6/9/05 (copies attached hereto as
3  EXHIBIT HH) both of which were ruled a nullity and dropped by
4  HON. CECIL 6/9/05 (EXHIBIT FF).

5      (4)  Attached hereto as EXHIBIT CC is a true copy of
6  Appellant GARY ERVIN's Brief setting out the issues raised on
7  appeal in Ninth Circuit Appeal No. 06-15357.  Attached hereto as
8  EXHIBIT DD is a true copy of FARMERS Appellees' Brief - Statement
9  Of Issues Presented For Review in Ninth Circuit Appeal No.
10  06-15357 misrepresenting that one of GARY ERVIN's issues on
11  appeal is:

12      "(2) Did the District Court abuse its discretion when it
13          appropriately declined to exercise jurisdiction over
14          ERVIN's state law claims."

15      (5)  Regarding Defendants' EXHIBITS G, H, I, J, & K, GARY
16  ERVIN's main motive for filing venue motions was to obtain ADA
17  disability accommodations of "One Judge Assigned For All
18  Purposes."

19      (6)  GARY ERVIN apologized 12/5/06 to HON. ESGRO for parts
20  of the recusal matters contained in Defendants' EXHIBITS L, M,
21  & N.  However EXHIBIT N has served as useful discovery for ERVIN.

22      (7)  Regarding Defendants' EXHIBITS O, P, Q, R, & S, GARY
23  ERVIN persistently pursues his rights to full disability accommo-
24  dations based upon ADA rights set forth in 42 USC 12201.

25      (8)  GARY ERVIN directed Defendants' EXHIBIT T to HON.
26  STEVEN RODDA to satisfy an order of HON. RODDA.  This matter was
27  dropped by HON. ROLAND CANDEE, P.J. after he assigned HON. ESGRO
28  for all pre-trial purposes.

- 5 -

_____
vex opp

1    (9)  It is policy of GARY ERVIN to only file motions based

2  on meritorious grounds that have a reasonable possibility for

3  immediate or eventual success.

4    (10)  Defendants FARMERS, et al. applied to HON. ROLAND

5  CANDEE, P.J. on 10/4/06 for an order that plaintiff GARY ERVIN

6  be designated a vexatious litigant and be ordered to file no

7  further papers in this action without the Court's permission

8  [pursuant to CCP sections 391(b)(3) and 391.7].  GARY ERVIN

9  objected 10/10/06 to HON. CANDEE as follows:

10    (a) Defendants' request is invalid inasmuch as a noticed
11        motion and full hearing pursuant to CCP and 1013 is
          required - See CCP 391.1, 391.2, 391.7 and BRAVO -VS-
          ISMAJ (2002) 99 CA4th 211, 225.
12    (b) Defendants misquoted CCP 391.7(d).  That section only
          applies to proceedings under the FAMILY CODE or
13        PROBATE CODE.
      (c) Defendants' requested remedy is not a remedy recog-
14        nized under the laws of this state.  No Presiding
          Judge reads all of any litigant's papers before giving
15        them to the assigned law & motion judge.
      (d) Plaintiff has a right to a full hearing with witnesses
16        and would subpoena his Farmers Insurance Agent of 40
          years duration for any properly noticed hearing caused
17        herein by Farmers Insurance Exchange pursuant to
          CCP 391 & 391.7.

18  Presiding Judge HON. CANDEE & Asst. P.J. HON. MIZE denied

19  Defendants' VEX MOTION and would not issue their own VEX MOION or

20  OSC to hold GARY ERVIN as a vexatious litigant.  Since Defendants

21  failed to supply this CCP 1008 jurisdictional renewal-motion

22  information, plaintiff GARY ERVIN has stated herein this matter

23  to the Court.

24    (11)  A 450 page motion was filed 5/9/06 against GARY ERVIN

25  in CA CA III DISTRICT COURT APPEALS titled "Motion To Designate

26  Appellant GARY ERVIN as Vexatious Litigant" which included

27  provisions of CCP 391(b)(3) and 391.7 and included many exhibits

28  from SacSuperCt No. 05AS00866, USDC E CA DIST No. 2:05-CV-701-

- 6 -

vex opp

1  MCE-DAD, and USDC E CA DIST No. 2:05-CV-269-LKK-GGH.  The III DCA

2  Presiding Judge refused to hear the motion and refused to issue

3  his own motion or OSC to hold GARY ERVIN as a vexatious litigant

4  to avoid interference with the ongoing litigation of GARY ERVIN

5  in the federal district court and the U.S. NINTH CIRCUIT COURT OF

6  APPEALS.

7      (12)  The two motions cited in paragraphs nos. 10 and 11

8  above are the only such motions known to plaintiff GARY ERVIN

9  attacking him as a vexatious litigant.  While GARY ERVIN proceeds

10 in the U.S. NINTH CIRCUIT COURT OF APPEALS this one of a series

11 of VEX MOTIONS is interfering with time and resources needed for

12 U.S. NINTH CIRCUIT proceedings.

13     I declare under penalty of perjury under the laws of the

14 State of California that the foregoing is true and correct.

15

16 DATED: DECEMBER 20TH, 2006

17                                        _____
                                            GARY ERVIN
18

19

20                          MEMORANDUM

21 [Reference foregoing request for judicial notice and declaration

22 of plaintiff and all exhibits and/memorandum as though set forth

23 at length and incorporated herein and made a part hereof].

24

25                          Background

26     Background is covered in the foregoing request for judicial

27 notice and declaration of plaintiff.

28

                              - 7 -

_____
vex opp

## CCP 1008 STATUTORY JURISDICTION IS MISSING

Defendants' VEX MOTION must meet the jurisdictional requirements of CCP section 1008:

> CCP 1008(e) ... "No application ... for the renewal of a previous motion may be considered by any judge or court unless made according to this section."
>
> CCP 1008(b) ... "For failure to comply with this subdivision, any order made on a subsequent application may be revoked or set aside on ex parte motion."

See Plaintiff's Declaration paragrapg no. 10 for a complete proof that Defendants met none of the CCP 1008 jurisdictional requirements in filing and presenting the herein motion to this Court.

## THIS VEX MOTION IS BASED ON EXTRINSIC FRAUD

See Plaintiff's Request For Judicial Notice Nos. 1 thru 4 and EXHIBITS AA thru DD and Plaintiff's Declaration for proof of Defendants' extrinsic fraud on Plaintiff, this State Court, and intrinsic fraud on the U.S. NINTH CIRCUIT COURT OF APPEALS.  The law of this extrinsic fraud matter is clearly set forth below and contained in KOUGASIAN -VS- TMSL, INC. (9th Cir. 2004) 359 F3d 1136 (EXHIBIT II).

## DAWN KOUGASIAN'S 4 IDENTICAL LITIGATIONS THAT EXPOSED DEFENDANTS' EXTRINSIC FRAUD UPON HER AND SUPERIOR COURT OF CALIFORNIA IN STATE COURT PROCEEDINGS FOR JUDGMENTS

[KOUGASIAN -VS- TMSL (9th Cir. 2004) 359 F3d 1136]

The Court is requested to read the copy attached hereto as EXHIBIT II.  This case demonstrates a plaintiff who relitigates

- 8 -

vex opp

1  until the Federal courts set aside state judgments obtained by
2  defendants' extrinsic fraud.  Reasonable relitigation is justi-
3  fied when dealing with defendants' extrinsic fraud in obtaining
4  a judgment in an action for fraud.

6  DEFENDANTS' DELIBERATE MISREPRESENTATION OF
7  CCP SECTION 391.7(d)

8  Defendants' memorandum at Page 7, Lines 1-4 misrepresents
9  CCP section 391.7(d) as follows:

10  "As used in the statute, "litigation" includes any
11  petition, application, or motion, other than a dis-
12  covery motion, for any order.  (Code Civ. Proc.
13  section 391.7(d).)"

14  The genuine rendering of CCP section 391.7(d) reads as
15  follows:

16  "For purposes of this section, "litigation", includes any
17  petition, application, or motion other than a discovery
18  motion, IN A PROCEEDING UNDER THE FAMILY CODE OR PROBATE
19  CODE, for any order."

20  Defendants refuse to change the misrepresentation of CCP 391.7(d)
21  also presented to HON. ROLAND CANDEE, P.J. in Defendants' prior
22  vexatious litigant application.  Please see evidence in Plain-
23  tiff's Declaration paragraph no. 10.

25  DEFENDANTS CHARGE PLAINTIFF PURSUANT TO EITHER CCP
26  391(b)(2) & 391.7 OR 391(b)(3) & 391.7

27  Defendants do not charge Plaintiff pursuant to CCP sections
28  391(b)(1), 391(b)(4), or 391.1.  Since Plaintiff is not currently

- 9 -

vex opp

1  a vexatious litigant, Defendants must prove the issue pursuant to

2  CCP 391(b)(2) or 391(b)(3) before a prefiling order can issue

3  against Plaintiff.  Defendants must show finality of litigation

4  for CCP 391(b)(2) to apply.  As shown below, Defendants cannot

5  show finality of their referenced actions.  Therefore this motion

6  primarily concerns CCP 391(b)(3).  Essentially, Defendants must

7  prove that Plaintiff's papers are completely unmeritorious and

8  frivolous in overwhelming quantity.  As shown below, Defendants

9  cannot show sufficient evidence or case authority to hold Plain-

10 tiff as a vexatious litigant pursuant to CCP 391(b)(3).

11

12      TIMELY REFILING NULLIFIES ACTION NO. 05AS00866

13      DISMISSAL WITHOUT PREJUDICE FOR VEXATIOUS LITIGANT

14      FINALITY PURPOSES PER JOE GRAY'S TOKERUD -VS-

15      CAPITOLBANK SACRAMENTO (1995) 38 CA4th 775

16      Reference evidence in Request For Judicial Notice No. 1 and

17 Plaintiff's Declaration paragraphs nos. 2 and 3 and EXHIBIT AA.

18 Plaintiff's State action was dismissed without prejudice 3/24/05

19 and promptly refiled in Federal court 4/11/05.  In TOKERUD a case

20 dismissed without prejudice and not refiled becomes final.

21 However in TOKERUD a timely refiled case is not final for vexa-

22 tious litigant purposes such as Action No. 05AS00866.  TOKERUD

23 -VS- CAPITOLBANK SACRAMENTO (1995) 38 CA4th 775 at page 778:

24          "A dismissal without prejudice does not bar another

25          action involving the same parties and the same cause

26          of action if initiated within the appropriate statu-

27          tory period."

28

                                   - 10 -

## CCP SECTION 391(b)(2) FINALITY RULES

Defendants rely on court actions which are not finally determined under the finality rules.

CHILDS -VS- PAINE WEBBER (1994) 29 CA4th 982 provides at page 993:

> "Absent a final determination of the state and/or federal litigation against plaintiff, the superior court could not properly determine her to be a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(2)."

HOLCOMB -VS- U.S. BANK NAT. ASSN. (2005) 129 CA4th 1494 provides at page 1502:

> "Although the term "finally determined" is not defined in section 391, courts have defined it as the time a judgment becomes final for all purposes, i.e., "when all avenues for direct review have been exhausted." "

HOLCOMB also provides at footnote no. 8:

> " Nonetheless, the California finality rule is applied to federal judgments and orders for purposes of section 391."

Defendants cannot show finality.


## "REPEATEDLY RELITIGATES"

HOLCOMB -VS- U.S. BANK NAT. ASSN. (2005) 129 CA4th 1494 stands for the proposition that two relitigations does not constitute "repeatedly relitigates" as set forth at page 1504:

> "The question now is whether these two attempts at relit-igation alone are sufficient to satisfy the requirement a party "repeatedly" relitigates a matter that has been finally determined. .... we conclude it does not."

- 11 -

vex opp

CCP 391(b)(3) REPEATEDLY UNMERITORIOUS OR FRIVOLOUS

Plaintiff's policy is to always have merit to his papers and never frivolous. Plaintiff tries to present facts and skip emotionally charged language. An honest evaluation of Plaintiffs papers bears this out.

IN RE LUCKETT (1991) 232 CA3d 107 was the first case to apply CCP 391(b)(3) with CCP 391.7 and issue a "prefiling order." The VEX MOTION was that of the Fourth District Court Of Appeals. LUCKETT was a forma pauperis vexatious litigant based on having filed unmeritorious papers or engaged in frivolous tactics in 34 cases that he had filed in just one appellate court.

IN RE WHITAKER (1992) 6 CA4th 54 cited IN RE LUCKETT in applying CCP 391(b)(3) with CCP 391.7 and issuing a "prefiling order." The VEX MOTION was that of the First District Court Of Appeals. WHITAKER was designated a vexatious litigant based on having filed 24 Alameda Superior Court actions and 35 writ and appeal proceedings in just one appellate court most of which involved unmeritorious papers and frivolous tactics. WHITAKER wasted much time in frivolous conduct contending that the vexa- tious litigant statutes were unconstitutional. WHITAKER was allowed "less drastic remedies" which failed before the more drastic prefiling order was applied.

BRAVO -VS- ISMAJ (2002) 99 CA4th 211 also applied CCP 391(b)(3) with CCP 391.7 regarding issuance of prefiling order. The VEX MOTION was that of a former defendant in San Diego Superior Court. Bravo disputed a $60.00 dental bill and got the money refunded. Bravo went into a fit of vengeance relentlessly filing unmeritorious papers and engaging in frivolous conduct.

- 12 -

vex opp

Bravo made numerous challenges of a Special Discovery Master,
challenged the Superior Court Judge six times, four motions for
sanctions or protective orders against defendants, oxymoronic
discovery conduct, motion for sanctions against Superior Court
Judge and Special Discovery Master, ad nauseam.  <u>BRAVO</u> at
page 226:

"THE EVIDENCE SUPPORTING THIS FINDING WAS OVERWHELMING."

The evidence of herein defendant FARMERS is miniscule when
compared to the evidence of true vexatious litigants set forth
above.


### ALLEGATION OF HEREIN UNNECESSARY DELAY

Delay, if any, (1)is attributed by Plaintiff to proceeding
for full disability accommodation for "one Judge Assigned For All
Purposes" pursuant to Plaintiff's statutory rights under 42 USC
12201, and, (2) Plaintiff's efforts to discover the extrinsic
fraud herein of defendant FARMERS misrepresenting court cases.


### FULL HEARING

Two prior applications to VEX Plaintiff were rejected and
Plaintiff is not a vexatious litigant at this time.  The Presid-
ing Judges of the CA THIRD DISTRICT COURT OF APPEALS and SACRA-
MENTO SUPERIOR COURT personally refused to prosecute Plaintiff in
the premises.  If this Court doesn't strike defendants' motion to
VEX Plaintiff, then a CCP section 391.2 full hearing with witnes-
ses must be provided to PLaintiff.  The Court must be thoroughly
familiar with BRAVO -VS- ISMAJ (2002) 99 CA4th 211. <u>BRAVO</u> at
page 225:

- 13 -

"Thus, if declaring a litigant vexatious under section 391.1 statutorily requires an oral hearing, so must a declaration of the same under section 391.7 for a pre-filing order. ... a party is entitled to an oral hearing, regardless of whether the defendant is seeking security or a prefiling order. ... Before the court may impose this burden, the plaintiff is entitled to the same protections set forth in section 391.2: a noticed motion and a hearing which includes the right to oral argument and the presen-tation of evidence.

## CONCLUSION

The Presiding Judges of CA THIRD DISTRICT COURT OF APPEALS and SACRAMENTO SUPERIOR COURT personally abstained from prosecu-ting disabled Plaintiff in the premises.  The U.S. NINTH CIRCUIT COURT OF APPEALS should be allowed to do its work without inter-ference.  This Court may safely pursue the course of striking Defendants' CCP 391(b)(2)&(3) / 391.7 motion and also abstaining in the premises.

Respectfully requested,

DATED: DECEMBER 20TH, 2006

GARY ERVIN, Plaintiff Pro Personam

- 14 -

vex opp

1

2

<u>REQUEST FOR FULL HEARING WITH</u>

<u>WITNESSES AND CONTINUANCE</u>

3   Plaintiff GARY ERVIN requests a full hearing with witnesses

4  and a continuance to arrange for attendance of witnesses [Bravo

5  -VS- Ismaj (2002) 99 CA4th 211, 223-225].

6   Plaintiff designates JOE GRAY as an expert witness in the

7  matters of vexatious litigants.  He was the trial judge in

8  TOKERUD -VS- CAPITOLBANK SACRAMENTO (1995) 38 CA4th 775.  He is

9  expert regarding the finality and merits of proceedings.

10   Plaintiff designates THOMAS CECIL as a witness regarding

11  the proceedings on SacSuperCt No. 05AS00866 and the dismissal

12  without prejudice and refiling in federal court.

13   Plaintiff designates his Farmers Insurance Agent who knows

14  Plaintiff and knows of Defendants' practices.

15   Plaintiff requests a later hearing date in order to accom-

16  modate witnesses.

17

18                              Respectfully requested,

19

20

21  DATED: DECEMBER 20TH, 2006

22

23  GARY ERVIN / Plaintiff Pro Personam

24

25

26

27

28

- 15 -

vex opp

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

GARY ERVIN

TELEPHONE NO.:                         FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  Plaintiff Pro Personam

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SACRAMENTO
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER/PLAINTIFF: GARY ERVIN

RESPONDENT/DEFENDANT: FARMERS INSURANCE EXCHANGE, ET AL.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE—CIVIL** | 06AS00387 |

**Check method of service** *(only one):*

| | | | |
|---|---|---|---|
| ☐ **By Personal Service** | ☐ **By Mail** | ☒☒ **By Overnight Delivery** | JUDGE: |
| ☐ **By Messenger Service** | ☐ **By Facsimile** | ☐ **By E-Mail/Electronic Transmission** | DEPT.: |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My address is *(specify one):*
   a. ☒☒ Business: PO Box 901 Fair Oaks CA 95628    b. ☐ Residence:

3. On *(date):* 12/20/06          I served the following **documents** *(specify):*

   OPPOSITION TO DEFENDANTS' VEXATIOUS LITIGANT MOTION

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the **persons** below, as follows:
   a. Name of person served:    ATTY. DAVID B. OWEN
                                15260 VENTURA BLVD #920
   b. Address of person served: SHERMAN OAKS, CA 91403

   c. Fax number or e-mail address of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   ☐ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

| Form Approved for Optional Use | **PROOF OF SERVICE—CIVIL** | Code of Civ. Proc., §§ 1011, |
|---|---|---|
| Judicial Council of California | **(Proof of Service)** | 1013, 1013a, 2015.5 |
| POS-040 [New January 1, 2005] | | *www.courtinfo.ca.gov* |

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME | CASE NUMBER: |
|---|---|
| ERVIN —VS— FARMERS | 06AS00387 |

5 b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    12/20/06

     Judy Hackett                 ► *Judy Hackett*
     (TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

     At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

     I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

    _____     ►   _____
       (NAME OF DECLARANT)                      (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**



1  JONATHAN B. COLE  (70460)
   DAVID B. OWEN (150458)
2  ANNE L. THOMPSON (204398)
   **NEMECEK & COLE**
3  A Professional Corporation
   15260 Ventura Boulevard, Suite 920
4  Sherman Oaks, California 91403-5399
   (818)788-9500 Tel. / (818)501-0328 Fax

5

   Attorneys for Defendants
6  FARMERS INSURANCE EXCHANGE;
   ROBERT W. BRANNEN; JAMES S. McWORTER;
7  and DEBORAH A. CORRELL

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SACRAMENTO

10

11  GARY ERVIN,                              )  Case No.: 06AS00387
                                             )  [Assigned to Judge Patricia C. Esgro, Dept. 13]
12                Plaintiff,                  )
                                             )  **DEFENDANTS' REPLY TO PLAINTIFFS**
13          -vs-                              )  **FURTHER SUPPORT FILED IN**
                                             )  **OPPOSITION TO MOTION TO DEEM**
14  FARMERS INSURANCE EXCHANGE;              )  **VEXATIOUS**
    ROBERT W. BRANNEN; JAMES S.              )
15  McWORTER, DEBORAH A. CORRELL and         )  Dept.  13
    DOES 1 to 4,                             )  Judge: Patricia C. Esgro
16                                           )
                                             )  Complaint filed January 30, 2006
17                Defendants.                )
                                             )
18                                           )
                                             )
19  _____      )

20          Defendants FARMERS INSURANCE EXCHANGE; ROBERT W. BRANNEN; JAMES S.

21  McWORTER; and DEBORAH A. CORRELL hereby offer their reply to Plaintiff Gary Ervin's

22  "Further Support for Opposition to CCP Section 391.7/ 391(b)(3) Motion Pleading-Court Ordered to

23  be Filed by 3/16/07; Declaration of Further Facts; Memorandum; and Further Request for Added

24  Time."

25          Based upon the attached Memorandum of Points and Authorities and the Filings previously

26  presented to the court, Ervin should be deemed vexatious without further delay.

27  ///

28  ///

                                        — 1 —

Sidebar (left margin):
NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

FILED stamp:
**FILED**
MAR 2 3 2007
By _____ Deputy Clerk

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

1. <u>**ERVIN'S FILING DOES NOT CITE ANY APPLICABLE LAW THAT PREVENTS THIS COURT FROM DEEMING HIM A VEXATIOUS LITIGANT**</u>

Relying once again on <u>Code of Civil Procedure</u> Section 597, Plaintiff apparently claims his reliance "legally cures any vexatiousness." (Briefing at p. 2, line 24-25).

<u>Code of Civil Procedure</u> Section 597 reads in pertinent part:

"[W]here the defense of another action pending or a demurrer based upon subdivision (c) of Section 430.10 is sustained ...an interlocutory judgment shall be entered in favor of the defendant pleading the same to the effect that no trial of other issues shall be had until the final determination of that other action, and the plaintiff may appeal from the interlocutory judgment in the same manner and within the same time as is now or may be hereafter provided by law for appeals from judgments."

(<u>Code of Civil Procedure</u> Section 597).

If Ervin believes that the aforementioned code cures him of his vexatiousness, he fails to understand the meaning of <u>Code of Civil Procedure</u> Section 597.

"This section authorizing court to try first a special defense not involving merits of plaintiff's cause of action but constituting a bar to prosecution of plaintiff's cause of action, is a legislative recognition of trial court's statutory power to regulate order of proof, and contemplates a trial first of the severable issue, which if determined adversely to plaintiff will obviate necessity of protracted trial of issues, which by such determination are rendered irrelevant".

<u>Silver v. Shemanski</u> (App. 1 Dist. 1949) 89 Cal.App.2d 520.

That section contemplates that under statutory plea in abatement, pendency of another earlier action growing out of same transaction and between same parties is ground for abatement of second action. (<u>People ex rel. Garamendi v. American Autoplan, Inc.</u> (App. 2 Dist. 1993) 25 Cal.Rptr.2d 192). The underlying theory of plea that there is another action pending is that the first action normally will be an ample remedy and that the second action is therefore **unnecessary and vexatious**. (<u>Williams v. State, Bd. of Control</u> (App. 1 Dist. 1976) 133 Cal.Rptr. 539). (emphasis added)

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

-2-

1        Ervin **is indeed vexatious** and his antics should be condemned by this court. Plaintiff relies

2   heavily on the case of <u>People v. Harrison</u> (2001) 92 Cal. App. 4th 780, but again, that case does not

3   prevent the Court from deeming him a vexatious litigant. That case held that the criminal defendant

4   could not be deemed vexatious because "the vexatious litigant statutes may properly be employed *only*

5   in civil cases." <u>Id.</u> At 787 (emphasis in original). Contrary to the Plaintiff's assertion, it does not

6   prevent this court from deeming him a vexatious litigant. While Ervin asserts that the cases are aligned

7   because <u>People v. Harrison</u> suggested that a court could not deem a plaintiff vexatious on its own

8   motion, this motion was not made on the court's own motion, but on the motion of the litigants

9   therein.

10       Moreover, the Plaintiff has requested additional time to complete his memorandum, and has

11  cited three additional cases that he wishes to bring to the court's attention. However, none of those

12  cases is instructive. <u>Head v. Glacier Northwest, Inc.</u> (9th Cir. 2005), 413 F. 3d 1053 held that in

13  employment discrimination action under Americans with Disabilities Act, plaintiff's own testimony,

14  unsupported by medical or comparative evidence, may suffice to establish triable issue of fact as to

15  whether plaintiff's ability to engage in a major life activity is impaired. In <u>Thompson v. Gray Davis</u> (9th

16  Cir. 2002) 295 F.3d 890 ,the Ninth Circuit Court of Appeals held that a parole board may not exclude

17  a class of disabled people (people with substance abuse histories) from consideration for parole based

18  on the disability. Neither of these cases is instructive on the issue of whether Ervin is a vexatious

19  litigant.

20       In <u>U.S. v. Georgia</u> (2006) 126 S. Ct. 877, Goodman (petitioner) was a paraplegic who sued

21  respondent state defendants and others, challenging the conditions of his confinement in a Georgia

22  prison under, inter alia, 42 U.S.C. § 1983 and Title II of the Americans with Disability Act of 1990.

23  The Federal District Court dismissed the §1983 claims because Goodman's allegations were vague,

24  and granted respondents summary judgment on the Title II money damages claims because they were

25  barred by state sovereign immunity. The United States intervened on appeal. The Eleventh Circuit

26  affirmed the District Court's judgment as to the Title II claims, but reversed the §1983 ruling, finding

27  that Goodman had alleged facts sufficient to support a limited number of Eighth Amendment claims

28  against state agents and should be permitted to amend his complaint. This Court granted certiorari to

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 · FACSIMILE (818) 501-0328

—3—

1  decide the validity of Title II's abrogation of state sovereign immunity and held that insofar as Title II

2  creates a private cause of action for damages against States for conduct that actually violates the

3  Fourteenth Amendment, Title II validly abrogates state sovereign immunity.  Id.

4          As the court can see, the cases cited by Plaintiff in his request for further briefing are not

5  instructive and do not prevent the court from deeming Ervin a vexatious litigant.

6  **2.    CONCLUSION**

7          Based on the foregoing, and all of the previous filings,  it is respectfully requested that the

8  court deem Ervin vexatious.

9

10  Dated: March 21, 2007                    NEMECEK & COLE

11

12                                          By_____
                                              ANNE L. THOMPSON
13                                          Attorneys for Defendants
                                            FARMERS INSURANCE EXCHANGE;
14                                          ROBERT W. BRANNEN; JAMES S. McWORTER;
                                            and DEBORAH A. CORRELL
15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

—4—

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

On March 21, 2007, I served the document described as **DEFENDANTS' REPLY TO PLAINTIFF'S FURTHER SUPPORT FILED IN OPPOSITION TO MOTION TO DEEM VEXATIOUS** upon the interested parties in this action in sealed envelopes addressed as follows:

Gary Ervin
4977 Hillhurst Drive
Fair Oaks, California 95628
Tel: (916) 962-2837

_____ **(By Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

__X__ **(By Overnight Delivery)** I deposited this document in the box or other facility located at 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403 regularly maintained by Overnite Express, in an envelope designated by Overnite Express with deliver fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

_____ **(By Facsimile Transmission)** I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

_____ **(By Personal Service)** I caused the delivery of such envelope by hand to the offices of the addressee.

Executed on March 21, 2007, at Sherman Oaks, California.

__X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ANNA M. BOYD