**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY ERVIN,

      Plaintiff,

      v.

JUDICIAL COUNCIL OF CALIFORNIA, et al.,

      Defendant.
_____/

No. C 08-0299 PJH

**ORDER GRANTING MOTION TO DISMISS**

      Defendants' motion to dismiss the above-entitled action for failure to state a claim and for lack of subject matter jurisdiction came on for hearing before this court on April 23, 2008. Plaintiff Gary Ervin appeared in propria persona, and defendants Judicial Council of California ("Judicial Council") and Ronald George, Chief Justice of the California Supreme Court ("Chief Justice George"), appeared by their counsel Deputy Attorney General Tom Blake. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion.

      Under California's Vexatious Litigant Statute, California Code of Civil Procedure § 391, et seq., a defendant in state court may move the court to require a pro se plaintiff to provide security if the defendant can make a showing that the plaintiff is a vexatious litigant and there is not a reasonable probability that the plaintiff will prevail in the litigation against the moving party. Cal. Civ. P. Code § 391.1.

      Once a plaintiff has been declared a vexatious litigant within the meaning of the statute, the court may also enter an order prohibiting the plaintiff from filing new state court litigation absent leave of the presiding judge where the litigation is proposed to be filed. Id.

§ 391.7(a).  This order is known as a "prefiling order."  Parties subject to prefiling orders are placed on a statewide list – the "Vexatious Litigant List" – maintained by the Judicial Council of California and disseminated to the clerks of the state courts.  Id. § 391.7(e).  The Vexatious Litigant Statute has survived several constitutional challenges in California courts.  See Wolfe v. Strankman, 392 F.3d 358, 361 (9th Cir. 2004).

In recent years, plaintiff, who resides in Sacramento, California, has filed numerous lawsuits in both state and federal court.  On April 25, 2007, the Superior Court of California, County of Sacramento, declared plaintiff a vexatious litigant under California law, and notified the Judicial Council by issuing a prefiling order on Judicial Council Form MC-700, as required by California Code of Civil Procedure § 391.7(e).  The Judicial Council also added plaintiff's name to the list of vexatious litigants, pursuant to the statute.

Plaintiff filed this action on January 16, 2008, alleging retaliation in violation of Title II of the Americans With Disabilities Act ("ADA"), and also alleging violation of 42 U.S.C. § 1983.  Plaintiff asserts that the Sacramento Superior Court issued the prefiling order in retaliation for his ongoing ADA Title II litigation currently pending against the Judicial Council.  He claims that the Judicial Council has converted "discretionary" Code of Civil Procedure § 391.7 into "mandatory" Form MC-700, and that the California judiciary uses Form MC-700 to nullify ADA Title II.  He seeks an order enjoining defendants from issuing or maintaining prefiling orders against plaintiff during the maintenance of his ADA Title II litigation.

Defendants now seek an order dismissing the case, arguing that the Judicial Council has absolute quasi-judicial immunity for its function of recording the trial judge's determination that plaintiff is a vexatious litigant, and maintaining the vexatious litigant list; that both defendants are immune from suit under § 1983 by reason of the Eleventh Amendment of the United States Constitution; that neither the Judicial Counsel nor Chief Justice George in his capacity as Chairman of the Judicial Council is a "person" within the meaning of § 1983; and that under the Rooker-Feldman doctrine, this court lacks jurisdiction to review state court judgments and orders.

The court finds that the motion must be GRANTED, because the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, which bars federal district courts from "exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004); see also Wolfe, 392 F.3d at 363.

Plaintiff's complaint purports to assert a claim against the Judicial Council, and against Chief Justice George as Chairman of the Judicial Council, for placing and maintaining plaintiff's name on the Vexatious Litigant List. However, plaintiff's real challenge is to the state court decision finding him a vexatious litigant – absent that order, there could have been no administrative act of placing his name on the statewide list. In his opposition to defendants' motion, he makes clear that his claim is that he was "abused by a judge operating a vexatious litigant mill enabled by the Judicial Council and its Chairman." Opp. at 5.

Thus, the relief plaintiff seeks is "inextricably intertwined" with the state court proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); but see Wolfe, 392 F.3d at 363 (Rooker-Feldman did not bar jurisdiction, as "there was no vexatious litigant order entered against [plaintiff] at the time he filed in district court," and therefore "no state court judgment from which he could have been seeking relief").

Moreover, the administrative actions of placing plaintiff's name on the Vexatious Litigant List and disseminating the list to the clerks of the court of the state were mandatory under Code of Civil Procedure § 391.7. That section provides that

> the clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to [§ 391.7(a)]. The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state.

Cal. Civ. P. Code § 391.7(e) (emphasis added). Thus, those actions were carried out in conformance with state law enacted by the California Legislature. Plaintiff alleges no basis upon which to challenge the validity of the Vexatious Litigant Statute, which has repeatedly been held constitutional by both state and federal courts. See, e.g., Wolfe v. George, 486

1  F.3d 1120 (9th Cir. 2007); <u>Bravo v. Ismaj</u>, 99 Cal. App. 4th 211 (2002).  Plaintiff's only
2  challenge is to the action of the Superior Court in finding him a vexatious litigant.
3      Finally, as a further basis for dismissal, the court finds that Eleventh Amendment to
4  the United States Constitution bars the § 1983 claim against the Judicial Council and
5  against Chief Justice George in his official capacity, and that they are not "persons" under §
6  1983.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 65, 66 (1967).

**IT IS SO ORDERED.**

Dated:  April 24, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GARY ERVIN,

        Plaintiff,

  v.

JUDICIAL COUNCIL OF CA. et al,

        Defendant.

Case Number: CV08-00299 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Ervin
4977 Hillhurst Drive
Fair Oaks, CA 95628

Dated: April 25, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk